JULIUS SUEHR, Appellee, *vs.* THE SANITARY DISTRICT OF CHICAGO, Appellant.

*Opinion filed December 22, 1909.*

1. WATERS—*damages to time of trial may be proven if overflow is permanent.* The drainage canal of the Sanitary District of Chicago is a permanent structure, and hence one who sues the district to recover damages to his land caused by overflow, due to the increased volume of water resulting from the construction of the drainage canal, may recover in the one action all damages, past, present and future, and may prove the effect of the increased flow of water upon the land up to the time of the trial.

2. INSTRUCTIONS—*when omission of element from instruction is cured by other instructions.* Where the instructions are not in conflict with each other and are correct as far as they go, the omission from an instruction, which does not direct a verdict, of some element which it should contain is cured by other given instructions which fully cover the omitted element.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

B. F. LINCOLN, (JOHN C. WILLIAMS, and CHIPERFIELD & CHIPERFIELD, of counsel,) for appellant.

BUTTERS & ARMSTRONG, and J. L. O'DONNELL, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the appellee, Julius Suehr, against the appellant, the Sanitary District of Chicago, to recover damages for an injury to the real estate of the appellee, alleged to have been caused by the construction of the drainage canal of appellant connecting the south branch of the Chicago river with the Desplaines river and the flow of water from Lake Michigan through said canal and the Desplaines river into the Illinois

river. The declaration contained three counts, and the general issue was filed. A trial resulted in a verdict and judgment in favor of the appellee for the sum of $4000, which has been affirmed by the Appellate Court for the Second District, and a further appeal has been prosecuted to this court.

The facts in proof are as follows: The appellee is the owner of an island containing about fifteen acres situated in the Illinois river near the city of Ottawa, which he purchased in the year 1897. The soil of the island was from eight to fourteen feet in depth and consisted of a sandy loam and was well suited to the growing thereon of asparagus, and a considerable portion of the island, at a very large expense, had been planted by appellee to asparagus after its purchase by him and prior to the time the water was turned into the drainage canal by the appellant, on the 17th day of January, 1900, and the depth of water in the Illinois river was greatly increased by the flow from Lake Michigan through the drainage canal to the Desplaines river, the result of which was the ford across the north channel connecting the island with the main land was destroyed and part of the island was washed away, including the timber along its edges, its arable lands were largely submerged and its uses for agricultural purposes were largely destroyed.

The court admitted proof of the effect of the increased flow of water upon the island up to the time of the trial, and the admission of this class of proof is the main question discussed in the brief of appellant. The drainage canal is a permanent structure, and the appellee has the right in this case to recover all damages, past, present and future, which his real estate had sustained by reason of the construction of that improvement; (*Chicago and Eastern Illinois Railroad Co.* v. *Loeb*, 118 Ill. 203; *Springer* v. *City of Chicago*, 135 id. 552; *Penn Mutual Life Ins. Co.* v. *Heiss*, 141 id. 35; *City of Centralia* v. *Wright*, 156 id. 561; *Galt* v. *Chicago and Northwestern Railway Co.* 157

id. 125; *Hyde Park Light Co.* v. *Porter,* 167 id. 276;) and it is the settled law of this State that it was proper to prove the effect of the increased flow of water upon said island down to the time of the trial. *Springer* v. *City of Chicago, supra; Penn Mutual Life Ins. Co.* v. *Heiss, supra; City of Centralia* v. *Wright, supra.*

In the *Springer case,* which was an action to recover damages alleged to have been caused to the property of appellant by the construction of the Jackson street bridge and viaduct, the court, on page 560, said: "Evidence of the condition of the property at the time of the trial was competent, and the parties had the right to show the value of the property at the time of the trial, as such evidence would have a bearing on the value of the property before and after the alleged damage."

In the *Heiss case,* on page 67, the court said: "As we have seen, the right of action accrued upon the happening of the injury, occasioned by the completion of the road, to recover not only present but prospective damages. It by no means follows that because the right of action then accrued it must then be enforced. The action may, under the statute, be brought at any time within five years from the accruing of the right, and the railroad company, or appellants, cannot complain that the plaintiff has waited until his damages have become susceptible of absolute proof before bringing his action instead of resorting to proof of prospective damages. The authorities are, that whenever the suit is brought, if within the Statute of Limitations, proof may be made of the permanent damages to the property, and the recovery being once for all, may include all damages flowing from the location and ordinarily skillful operation of the road."

In the *Wright case,* on page 565, it was said: "To recur to the question in dispute, whether the recovery shall be confined to such damages as had been sustained at the time the action was brought, or would include all past,

present and future damages, depends upon another question, and that is, whether the injury is permanent in its nature or merely of a temporary character. If the former, all damages may be recovered; if the latter, only such damages as had accrued up to the time the action was brought. * * * The city of Centralia was authorized by law to establish and maintain a system of water-works, and it has the power to continue them perpetually. We think, therefore, the erection of the dam which caused the damages was a permanent structure, and the circuit and Appellate Courts properly held that damages, past, present and prospective, were recoverable."

The appellant admits that this court has held the class of testimony objected to is admissible in this class of cases, but insists that the admission of this class of testimony does not harmonize with the holding of this court that the measure of damages, where the injury is of a permanent character, is the difference between the fair cash market value of the real estate before and after the injury complained of has taken place, and therefore, at least inferentially, asks that the former holding of this court upon that question be overruled. While it is true that the ultimate fact for the jury to determine is how much has the property been damaged,—that is, what was the fair cash market value of the property before the injury complained of and after the injury took place,—still, as bearing upon that question it is entirely proper to prove what effect the act or acts complained of have had, as a matter of fact, upon the fair cash value of the real estate involved in the suit, for the purpose of fully advising the jury as to the amount of damages caused by the injury which a plaintiff has sustained. We are entirely satisfied with our former holdings upon this point and are not disposed to recede therefrom. The court did not, therefore, err in the admission of evidence of the physical condition of said island at the time of the trial.

It is also urged that the court erred in giving to the jury appellee's second instruction, which reads as follows:

"If you believe, from the evidence, that defendant, on January 17, 1900, turned into the Desplaines river a quantity of water which thence flowed into the Illinois river, and that such water caused the land of plaintiff described in his declaration to be decreased in its fair cash market value, then you will find defendant guilty and award to plaintiff such damages, if any, as will compensate him for such depreciation, if any, in the fair cash market value of his land."

Two criticisms are made upon this instruction: First, that no time is fixed at which to measure the depreciation, if any, from the fair cash market value of the land covered by the injury complained of; and secondly, it informed the jury that they might allow the appellee such damages as will compensate him for the depreciation which his land has suffered, without confining such depreciation to the evidence. This instruction, when taken alone, is not entirely accurate. When taken in connection with the other instructions, however, which were given to the jury, we do not think they were misled thereby. A number of the given instructions informed the jury correctly as to the measure of damages and others stated to the jury that they must decide the case upon the evidence, and that they had no right to go outside the evidence in arriving at a conclusion upon the facts. The instructions ordinarily should be considered as a series, and when the instructions are not in conflict with each other as far as they go, if some one instruction omits some element which it should contain but that instruction does not direct a verdict, the defect therein may be supplied and the omission cured by other given instructions which fully cover the omitted element.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*