HENRY VETTE, Appellee, *vs.* THE SANITARY DISTRICT OF CHICAGO, Appellant.

*Opinion filed October 28, 1913—Rehearing denied Dec. 4, 1913.*

1. PLEADING—*when a formal plea of Statute of Limitations is proper.* If an action is brought to recover damages for a permanent injury to real estate, a formal plea that the cause of action did not accrue within five years next preceding the commencement of suit may be interposed, and demurrer will not lie to such plea.

2. SAME—*when a formal plea of Statute of Limitations is not sufficient.* If an action is brought to recover damages for a temporary injury to real estate or for a continuing trespass alleged to have occurred within five years, a formal plea of the five year Statute of Limitations is not sufficient, but the plea should allege special facts to show wherein the suit is barred, as, for example, facts which, if proven, will show that the injury complained of is permanent, and not, as alleged in the declaration, temporary.

3. SAME—*whether suit is for permanent or temporary injury is determined by declaration.* Where a formal plea of the five year Statute of Limitations is interposed to a declaration in a suit for damages for an injury to real estate, a demurrer to such plea raises a question of law whether the action is for permanent or temporary injury, and to determine such question it is necessary to examine the declaration.

4. SAME—*when declaration is for damages for permanent injury to land.* If it appears from the declaration in an action against the Sanitary District of Chicago that the channel of the district is a permanent structure, that ever since the channel was opened the

plaintiff has been deprived of the use of the land for agricultural purposes, and that the effect of the opening of the channel was to destroy the timber on the lands and the use of the lands as farm lands, then the action is one for permanent injury accruing at the time the channel was opened, and a formal plea of the five year Statute of Limitations is not open to demurrer. (*Jones* v. *Sanitary District*, 252 Ill. 591, explained.)

5. DAMAGES—*when all damages must be recovered in one suit.* If the continuance and operation of a permanent structure are not necessarily injurious to land but may or may not be so, then only the injury sustained prior to the commencement of the action can be compensated in that suit; but where the continuance and operation of a permanent structure are necessarily injurious, then damages for all injury sustained must be recovered in one action.

6. CONSTITUTIONAL LAW—*attorney's fee provision of Sanitary District act is not unconstitutional.* The attorney's fee provision of section 19 of the Sanitary District act is not unconstitutional. (*Gentleman* v. *Sanitary District, ante,* p. 317, followed.)

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

JOHN C. WILLIAMS, and FRANK J. QUINN, (EDMUND D. ADCOCK, ROSS C. HALL, and WALTER E. BEEBE, of counsel,) for appellant.

WARREN PEASE, and CHARLES P. MOLTHROP, for appellee.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

On February 9, 1911, Henry Vette, appellee, brought an action on the case in the superior court of Cook county against the Sanitary District of Chicago to recover damages to his farm lands, alleged to have been occasioned by waters from the canal constructed by the sanitary district. The declaration as originally filed consisted of two counts. The first count was dismissed and the trial proceeded upon the second count, which, after setting up the incorporation of the sanitary district and the construction and completion of

260 — 28

the drainage canal for the purpose of turning the waters of the Chicago river, carrying the sewage from the sanitary district, from Lake Michigan into the Illinois river, alleges that at all times during the five years next preceding the beginning of this suit appellee was the owner in fee simple of certain described real estate; that upon the lands were oak, ash, elm and other trees native to the bottoms of the Illinois river; that the lands were of extreme richness and capable of bearing large farm crops; that the farm lands are adjacent to the Illinois river and were subject to excessive overflow from the Illinois river if any waters beyond the usual and natural flowage of the river should be cast into the stream; that while said lands were at all times subject to overflow from said river from natural causes, such overflow was of a temporary nature and did not interfere with the growth or health of the timber upon appellee's lands or with the use of the pasture land for pasturage or the use of the farm lands for farming purposes; that the said lands "were so situated that any waters artificially caused to flow into the Illinois river would cause an overflow which would prevent their use as farm lands and would destroy the crops thereon and any additional flowage would injure and destroy said timber;" that on January 17, 1900, appellant, the Sanitary District of Chicago, connected its canal with the Chicago river, and by means thereof has ever since January 17, 1900, caused the waters of the Chicago river and vast quantities of water from Lake Michigan to flow through said canal into the Desplaines river and from thence into the Illinois river; that after casting the waters of the canal into the Desplaines river at Lockport appellant made no further provision for caring for said waters, and did not deepen or alter the beds of the Desplaines and Illinois rivers or in any way provide any protection for the Illinois river bottom lands against the increased waters of the Illinois river, but has, by means of said canal, from day to day from January 17, 1900, until the beginning

of this suit, cast approximately 300,000 cubic feet of water
each minute into the Desplaines river in such manner that
said waters flowed into the Illinois river.   The declaration
then sets up section 19 of the act under which the sanitary
district was incorporated, which provides that every dis-
trict organized under the provisions of that act shall be
liable for all damage to real estate which shall be over-
flowed or otherwise damaged by reason of the construction,
enlargement or use of any channel, ditch, drain, outlet or
other improvement, and which also provides for the re-
covery of attorneys' fees, under certain conditions, in case
an action is brought and judgment for damages recovered
against the district, and alleges that by reason of the pro-
visions of said act appellant became liable to appellee for
all damages to his real estate caused by the use of said
canal during the five years immediately preceding the com-
mencement of this suit.   It is further alleged that because
of the acts of appellant appellee's lands have become at
times overflowed with the waters from the Illinois river,
and that the waters artificially deposited in the Illinois river
by appellant have, in connection with natural causes and
the natural precipitation of the watershed of the Illinois
river and the natural flowage of said river, caused the lands
of appellee to become greatly overflowed with water in the
spring time and have caused such waters to stand over the
lands of appellee late into the summer of each year since the
year 1900, so that during the five years next preceding the
commencement of this suit said lands have been flooded and
said floods have remained over appellee's lands late in the
summer.   The declaration then alleges that by reason of
the acts of appellant and the consequent floods the timber
upon appellee's lands has been greatly injured and much of
it has died during the five years last past; that the pastur-
age upon his lands during the last five years has become in-
jured and destroyed and he has been prevented from enjoy-
ing the same; that he has lost divers crops growing upon

his lands, and that he has been prevented from using the lands for farming purposes during the period of five years. The damages sought to be recovered herein are for these alleged injuries.

To the declaration appellant filed the general issue, a plea denying appellee's title to the lands, and a plea setting up the five years Statute of Limitations. Appellee joined issue upon the general issue and upon the plea denying title but demurred to the plea. of the Statute of Limitations. The demurrer was sustained and appellant stood by the plea. A trial resulted in a verdict in favor of appellee for $6520. The court fixed appellee's attorneys' fees at $1200, and rendered judgment for $6520 and costs of suit. From that judgment the sanitary district has prosecuted this appeal.

The plea of the Statute of Limitations was merely the formal plea. It set up no special facts in bar of the action, but simply stated that the cause of action did not accrue within five years next before the commencement of the suit. Appellant first contends that the court erred in sustaining the demurrer to this plea because it was in proper form and no question of law was raised except as to the sufficiency of the plea itself. In an action brought to recover damages for a permanent injury to real estate the formal plea of the Statute of Limitations may be interposed and a demurrer will not lie. On the other hand, if, as appellee contends is the case here, a suit is brought to recover damages for a temporary injury to real estate or for a continuing trespass alleged to have occurred within five years, then, if the Statute of Limitations is pleaded, the mere formal plea is not sufficient but special facts must be set up to show wherein the suit is barred, as, for instance, facts which, if proven, would show that the injury for which recovery is sought was a permanent injury, and not, as the declaration alleged, a temporary one. A formal plea of the Statute of Limitations alleging no more than the plea in this case alleges, if filed to a suit to recover dam-

ages for a temporary injury or for a continuing trespass, would be obnoxious to a general demurrer. So here, the demurrer to the plea of the Statute of Limitations raised the question of law whether under this declaration appellee was suing to recover damages for a permanent or temporary injury. To determine, then, whether the plea is bad on demurrer it is necessary to look to the declaration. The declaration, as above quoted, alleges that the lands of appellee were so situated that any waters artificially caused to flow into the Illinois river would cause an overflow which would prevent their use as farm lands and would destroy the crops thereon and any additional flowage would injure and destroy said timber. From this declaration it is apparent that the channel of the sanitary district is a permanent structure, and that it was connected with the Chicago river on January 17, 1900, and the water turned through the same into the Illinois river on that date. If, as is alleged in the declaration, any waters artificially turned into the Illinois river would cause such an overflow of the lands of appellee as to destroy their use as farm lands and to destroy the crops and timber thereon, it is apparent that appellee was permanently injured at the time the water was first turned into the Illinois river through its channel by appellant on January 17, 1900, and that this suit is for the recovery of damages for a permanent injury, and not for a temporary injury, as appellee contends. The plea of the Statute of Limitations was properly filed to this declaration, and the demurrer to the same should have been overruled.

Appellee relies upon *Jones* v. *Sanitary District of Chicago*, 252 Ill. 591, as sustaining his contention that the demurrer to the plea was properly sustained. There is a marked difference between the situation presented in this case and that presented in the *Jones case*, and the holding in the *Jones case* sustains the contention of appellant that the demurrer to the plea here should have been overruled. In the *Jones case* the declaration counted on temporary in-

juries, only, and recovery was sought for damages occasioned during the five years next preceding the filing of the declaration. The plea of the Statute of Limitations interposed to the declaration in that case set out at length the special facts which were relied upon as a bar, but it did not appear, either from the declaration or from the plea, that the continuance and operation of the channel of appellant would necessarily result in injury to the lands of appellee, and it was held as the turning point in that case, that where the continuance and operation of a permanent structure are not necessarily injurious but may or may not be so, then only the injury sustained prior to the commencement of the suit may be compensated in that suit. The converse of this proposition is true, viz., that where the continuance and operation of a permanent structure are necessarily injurious, then damages for all the injury sustained must be recovered in one suit. In the case at bar the declaration expressly alleges that any additional water caused to flow artificially into the Illinois river would prevent the use of appellee's lands as farm lands and would injure and destroy his crops and his timber, from which it must follow that the continuance and operation of the sanitary district channel are necessarily injurious to the lands of appellee, and he must recover for all damages, past, present and future, in one action. The declaration in the *Jones case* contained no such allegation, but, on the contrary, it was so drawn as to expressly negative such an allegation.

The allowance of attorneys' fees is objected to upon the ground that said section 19 of the Sanitary District act, which provides for attorneys' fees, is unconstitutional and void. This same question was presented in *Gentleman* v. *Sanitary District,* (*ante,* p. 317,) and was there decided contrary to the contention of appellant.

Other questions are raised and argued which will probably not arise on a new trial, and as the judgment must be

reversed for the error of the court in sustaining the demurrer to the plea they will not be considered.

The judgment of the superior court is reversed and the cause remanded to that court, with directions to overrule the demurrer to the plea of the Statute of Limitations.

*Reversed and remanded, with directions.*