DANIEL SHAW, Appellant, *vs.* THE SANITARY DISTRICT OF CHICAGO, Appellee.

*Opinion filed February 17, 1915.*

1. DAMAGES—*when injury to land from overflow is not necessarily temporary.* The mere fact that in times of low water lands are not flooded and are only flooded when the water is high and the river out of its banks does not necessarily establish that the injury to the land is temporary, only.

2. SAME—*nominal damages cannot be recovered if the action is barred by Statute of Limitations.* Where a legal right has been invaded, although there may be no evidence of actual damages, the plaintiff may recover nominal damages, but the Statute of Limitations, applies to all damages and bars a recovery where the statutory period for bringing the action has elapsed.

APPEAL from the Circuit Court of Schuyler county; the Hon. HARRY HIGBEE, Judge, presiding.

L. A. JARMAN, GLASS & BOTTENBERG, and WARREN PEASE, for appellant.

EDMUND D. ADCOCK, and CHIPERFIELD & CHIPER-FIELD, (ROSS C. HALL, and WALTER E. BEEBE, of coun-sel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Schuyler county in favor of the appellee, the Sanitary District of Chicago, entered upon a verdict of not guilty

in this action on the case brought by the appellant, Daniel Shaw, for damages occasioned by the flooding of his lands.

The suit was begun on February 3, 1914, and the amended declaration set forth facts which were held in the case of *Jones* v. *Sanitary District of Chicago,* 252 Ill. 591, to constitute temporary damages to the land, and claimed compensation for such damages during the five years prior to the beginning of the suit. The defendant filed a plea of the general issue and seventeen other pleas, among which were pleas of the Statute of Limitations. Demurrers were sustained to the pleas of the statute except as to the ninth, eleventh and twelfth, which alleged facts held in the cases of *Vette* v. *Sanitary District of Chicago,* 260 Ill. 432, and *Brockschmidt* v. *Sanitary District of Chicago,* id. 502, to cause a permanent injury to the lands of the plaintiff, accruing at the time the drainage channel was opened, on January 17, 1900, and concluded with the allegation that the several causes of action mentioned in the declaration were one and the same, and did not, nor did any or either of them, accrue to the plaintiff at any time within five years next before the commencement of the suit. To these pleas of the Statute of Limitations the plaintiff filed replications denying the material averments of fact showing a permanent injury and damage to the lands and formed an issue which was submitted to a jury. Relevant to the issue thus raised, whether there was a permanent injury to the land on January 17, 1900, resulting from the construction, operation and use of the drainage channel, the evidence was that the Illinois river in a state of nature, before the construction of the drainage channel, during periods of low water did not affect any portion of the lands, but in times of flood, at substantially regular periods, the lands were subject to overflow from the river; that after the waters of the drainage channel were turned into the river the water level was raised, and when the floods occurred the lands were submerged to a greater extent and the flood

waters were higher and remained longer upon the land, causing additional injury; and that the lands lay at various levels, and the extent of overflow at each recurring flood depended upon the height and level of the particular part of the land and the duration of the flood. The defendant introduced evidence that subsequently to January 17, 1900, the waters caused to flow through defendant's channel, in combination with the natural waters of the river, caused a greater inundation and a greater injury to the lands, and the crops, pasturage and timber thereon, than before; that the waters from the channel caused the flood waters to remain upon the plaintiff's lands, so that crops were planted later each year than before 1900 and created injury to the pastures, and that there was a certain water level continuously raised by the water of the drainage channel, which permeated the bottom lands, postponed the time of planting and injured growing crops and pasturage.

The court gave general instructions advising the jury of the rule of law to be applied in determining the issue of fact submitted, and stating, in substance, that if, from and after January 17, 1900, when the defendant opened its channel, it had continuously caused the water to flow therein and through the Desplaines and Illinois rivers by the lands of the plaintiff; that the flowing of the water immediately caused an invasion of the plaintiff's lands, producing a reduction in their fair cash market value, and that the construction, operation and use of the defendant's channel under the acts governing the sanitary district would of necessity, and did, affect the plaintiff's lands so as to injure and destroy the pasturage thereon and to damage the crops thereon and to interfere with and prevent the plaintiff from using the land for farming purposes, and that prior to February 3, 1909, the lands were as frequently overflowed and were as continuously submerged by water as they had been during the five years since that date, then

the injury and damage were permanent and the plaintiff could not recover in the action. Error is assigned on the giving of these instructions, and also on the refusal of the court to give an instruction requested by the plaintiff, stating that it was admitted that during a portion of each year since January 17, 1900, the land was overflowed and a portion of each year the water was off of the land and the river within its banks, and that therefore damages to the lands during the five years were temporary and not permanent.

It is contended that there was no evidence upon which to base the instructions given by the court, and that under the rule stated in *Jones* v. *Sanitary District of Chicago, supra,* there was no evidence tending to prove a permanent injury and damage to the lands. In that case it was considered that the facts alleged in the declaration created merely temporary and not permanent damages, and that a plea of the Statute of Limitations which did not show that the continuance and operation of the channel would necessarily result in injury to the lands did not bring the case within the Statute of Limitations, and therefore it was not error to sustain the demurrer to the plea. The question raised by the demurrer was one of law, and it did not appear either from the declaration or from the plea that there was a permanent injury to the lands, so that if all the facts alleged in the plea were proved the statute would not bar the action. This was made clear in the case of *Vette* v. *Sanitary District of Chicago, supra,* in which the declaration alleged that any additional water caused to flow artificially into the Illinois river would prevent the use of the plaintiff's lands as farming lands and would injure and destroy his crops and timber, which was an averment of a permanent injury at the time the water of the drainage channel was turned into the river. The pleas in this case alleged facts constituting a permanent injury, for which the plaintiff might have been compensated in one suit, and

the replications took issue on the facts alleged. If the instructions correctly stated the law they were not objectionable for want of evidence to prove the facts alleged.

It is not necessary and would not be profitable to repeat the rules of law distinguishing temporary from permanent injuries to lands stated in the cases above cited. If the evidence for the defendant is accepted as true, the injury to the plaintiff's lands occasioned by turning the water of the drainage channel into the river on January 17, 1900, was not one which might or might not be continued or might or might not be injurious in the future. The drainage channel was a construction of a permanent character, and under the act governing the sanitary district a continuous flow was to be maintained for all time, necessarily continuing, without change, the injury to the plaintiff's lands. The court did not err in giving the instructions, which were correct statements of the law.

The tenth instruction offered by the plaintiff and refused, based a supposed rule of law that the damages to plaintiff's lands were temporary and not permanent upon an•admission that in times of low water the lands were not flooded, and were only flooded when the water was high and the river out of its banks. That could only be so if a permanent injury must be continuous and the lands be constantly submerged, but counsel who offered the instruction insist that they take no such position. Their interpretation of the instruction is, that damages arising from intermittent floods, uncertain in time, duration and extent, could not be assessed in one action and therefore are temporary. It is true that the amount of water contributed by the river at different times of flood could not be definitely ascertained, but there would be no difficulty in determining the increase on account of a steady and continuous flow from the drainage channel not affected at all by storms or melting snows. The court did not err in refusing the instruction.

It is also contended that under the conceded facts in the case the plaintiff was entitled to a verdict for nominal damages, and therefore the verdict and judgment were contrary to the evidence. Where a legal right has been invaded, although there may be no evidence of actual damages, the plaintiff may recover nominal damages, but the Statute of Limitations applies to all damages and bars a recovery where the statutory period has elapsed. The plaintiff cannot recover nominal damages where he has no cause of action.

The judgment is affirmed.          *Judgment affirmed.*