WILLIAM WHEELER, Appellee, *vs.* THE SANITARY DIS-
TRICT OF CHICAGO, Appellant.

*Opinion filed October 27, 1915—Rehearing denied Dec. 10, 1915.*

1. PLEADING—*amendment of the declaration need not state the same cause of action as the original.* The fact that the declaration in an action against a sanitary district alleges facts which show a permanent injury to land does not preclude the plaintiff from filing an amended declaration alleging temporary injury to crops, pasture, timber and the use of the land, but the filing of the amendment stating the new cause of action is regarded as the beginning of a new suit commenced at the date of filing the amendment, and is so treated in considering a plea of the Statute of Limitations.

2. SAME—*plaintiff not estopped by averments of declaration to amend it.* The fact that the plaintiff, in drawing his original declaration, may have been mistaken as to his rights or the facts from which they arose does not preclude him from amending the declaration to enable him to maintain his action, as he is not estopped by the averments of the declaration to amend it.

3. SAME—*when a formal plea of the Statute of Limitations is proper.* Where an amended declaration counting upon temporary injury to crops, pasture, timber and the use of the land is not filed until two years after the original declaration was filed, and does not charge that the injury occurred within five years before the filing of the amended declaration but that it occurred within five years immediately preceding the beginning of the suit, a formal plea of the Statute of Limitations alleging that the action did not accrue within five years next before the date of the filing of the amended declaration is proper, and all injuries occurring prior to five years before the filing of the amended declaration are barred. (*Vette* v. *Sanitary District,* 260 Ill. 432, distinguished.)

4. SANITARY DISTRICTS—*when damage to land is permanent.* If the natural and probable consequence of the opening of the channel of the Sanitary District of Chicago is that lands will always be overflowed at certain times in the future that can be ascertained with reasonable certainty. then the injury to such lands is permanent, notwithstanding they may be used a portion of each year for agricultural purposes, and in such case an action for damages due to the opening of the channel must be brought within five years from the date of such opening; but damages which may result from some enlarged operation of the channel at a future time need not be anticipated, as an action for such damages will lie when they are occasioned.

5. SAME—*damages caused by enlarged operation of the channel may be recovered though damages due to its opening are barred.* Damages sustained by land within five years before the beginning of a suit against the Sanitary District of Chicago by reason of the enlarged operation of the channel of the district within such five years over what was authorized when the channel was opened are recoverable, even though the damages for the permanent injury due to the opening of the channel and its then authorized operation may be barred by the Statute of Limitations.

6. SAME—*damage to entire tract of land constitutes single cause of action.* Where a part of a farm is damaged by the opening of a drainage channel the damage to the entire tract constitutes a single cause of action; but this does not prevent the recovery of additional damages caused subsequently by increasing the flow of water over the flow originally authorized, even though the original cause of action is barred.

7. REAL PROPERTY—*what is a cropping agreement and not a lease.* An agreement whereby the use of land is granted by the owner to another person for cropping purposes during the cropping season, only, and which confers a right to plant, cultivate and harvest a crop during said cropping season and by which the parties retain joint possession and control of the land during said cropping season, is not a lease but a cropping agreement, and the parties are joint owners of the crops according to their respective interests as fixed by the agreement.

8. ATTORNEYS' FEES—*when notice under Sanitary District act is sufficient.* Under the Sanitary District act a notice which states the amount of damages claimed, the cause of the damages and that the plaintiff intends to bring suit therefor, authorizes the recovery of attorney's fees based upon the damages sustained at the time the notice was served, but the attorney's fees cannot be increased by injuries occurring between the service of notice and the beginning of the suit.

CARTWRIGHT and CARTER, JJ., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

EDMUND D. ADCOCK, and Ross C. HALL, (OSCAR H. OLSEN, and WALTER E. BEEBE, of counsel,) for appellant.

WARREN PEASE, and CECIL PAGE, for appellee.

Mr. Justice Dunn delivered the opinion of the court:

This appeal is from a judgment rendered against the Sanitary District of Chicago in favor of William Wheeler for damages for overflowing his land. The case was tried on an amended declaration of one count, which alleged temporary damages to the land during the five years next preceding the beginning of the suit, which was March 12, 1912. Besides pleas of the general issue and denial of title, pleas were filed alleging a permanent injury to plaintiff's land at the time the drainage canal was opened, January 17, 1900; that that injury is the injury complained of by the plaintiff in his declaration, and that his supposed cause of action did not accrue within five years before the commencement of the suit. Issues were joined on these pleas.

The original declaration alleged facts which we have held to show permanent injury to the land caused at the time the drainage canal was opened. The amended declaration omitted all reference to the condition of the land showing that it would necessarily be damaged by the operation of the canal, and counted on damages to the crops, pasture and timber and the use of the land during the five years immediately preceding the suit. It is argued that the court erred in permitting the declaration to be so amended. Our statute permits amendments at any time before judgment and on such terms as are just and reasonable to enable the plaintiff to sustain the action for the claim for which it was intended to be brought. It is not necessary that the amendment should state technically the same cause of action as the original declaration. The original declaration may not have stated a cause of action or may have stated one which the facts would not sustain. Unless the amended declaration stated a different cause of action from the original, in such case it would be of no avail. However, the filing of an amendment setting up a new cause of action is considered the beginning of a new suit commenced at the date of the filing of the amendment, and the

Statute of Limitations may be pleaded to it accordingly. While the original declaration counted on a permanent injury occurring at the opening of the canal and the amended declaration on a different injury occurring during the five years preceding the suit, the amendment was properly allowed. The appellee was not estopped by the averments of the original declaration to amend it. The fact that he may have been mistaken as to his rights or the facts from which they arose would not prevent his amending his pleading to enable him to maintain his action.

The amended declaration was filed December 13, 1913, nearly two years after the beginning of the suit. It counted upon damages to the crops, pasture, timber, and the use of the land during the five years immediately preceding the beginning of the suit. The appellant by its ninth plea set up the Statute of Limitations, averring that the cause of action did not accrue within five years next before the date of the filing of the amended declaration. A demurrer was sustained to this plea, and this action of the court is assigned as error. It is insisted by the appellee that the demurrer was properly sustained in accordance with the holding in the case of *Vette* v. *Sanitary District of Chicago,* 260 Ill. 432, that in an action to recover damages for a temporary injury to real estate or a continuing trespass alleged to have occurred within five years a mere formal plea of the Statute of Limitations is not sufficient but special facts must be set up to show in what way the suit is barred. That rule is not applicable here, because the injury is not alleged to have occurred within five years before the filing of the amended declaration but within five years before the commencement of the suit. The amendment to the declaration introduced a new cause of action, and is therefore to be regarded as a new suit commenced when the amendment was filed. (*Heffron* v. *Rochester Ins. Co.* 220 Ill. 514; *Fish* v. *Farwell,* 160 id. 236; *Chicago City Railway Co.* v. *McMeen,* 206 id. 108.) All of the injuries

occurring prior to December 13, 1908, would be barred by the Statute of Limitations. The only method in which the defendant could have the benefit of the statute for that part of the injuries which were alleged to have occurred prior to the statutory time before the filing of the amendment would be by pleading the statute. The demurrer to the ninth plea should have been overruled and no recovery should have been permitted for injuries prior to December 13, 1908.

The plaintiff's farm of over seven hundred acres was situated in Putnam county and before 1900 good crops were raised on it. It adjoined Senachwine lake, a bayou of the Illinois river. It had been overflowed by the waters of the Illinois river in 1892, when an unusual flood occurred, but except in years of extremely high water the raising of crops was not seriously interfered with. After the canal was opened, in 1900, the water level was about three feet higher than before, the floods were higher and slower going down, the ground was soggy and wet, the under-drainage was affected and the tile stopped up. A good deal of the time corn could not be planted in time to make merchantable corn, the pasture could not be used, the timber began to die and a large part of it was dead within a few years. In 1907, 1908, 1909, 1910 and 1911 there were floods which inflicted damage by keeping the ground wet and delaying planting or by injuring the growing crops. The appellant asked, and the court refused to give, the following instruction:

"You are instructed that if on January 17, 1900, the plaintiff owned certain lands which he has described in his declaration filed herein, and that if prior to five years before the bringing of this suit the defendant did some act or acts by the construction or use of its drainage canal of which the natural and probable consequence was that the plaintiff's land would be invaded from and after the performance of such act or acts and at certain times in the

future that could be ascertained to a reasonable degree of certainty, then as to such lands so described and so affected you are instructed that the plaintiff has sustained a permanent injury and cannot recover for such injury in this suit."

This instruction should have been given on the authority of *Shaw* v. *Sanitary District of Chicago,* 267 Ill. 216. Instruction No. 32, which was also refused, stated a like principle and should also have been given.

In various instructions the jury were told, in substance, that if the plaintiff's lands were overflowed, permeated and soaked with water only temporarily each year, and such water receded within the banks of the river and Lake Senachwine and the lands dried out and were usable for agricultural purposes for a portion at least of every year, such damages were not permanent but temporary. The reverse was held in *Shaw* v. *Sanitary District of Chicago, supra.*

The appellant insists that if the lands of the appellee were so situated that they would necessarily be damaged and the timber, crops and pasturage thereon injured by the opening of the canal and the flow of water from it into the Illinois river, all damage, present and future, must be recovered in one suit, and for this reason appellee is barred by the Statute of Limitations from recovering in this suit and the jury should have been instructed to render a verdict for the defendant. It is true that all the damages resulting from the construction of the canal and its operation as then authorized must be recovered in one suit, and it was the duty of the appellee to bring that suit within five years of the completion of the work and putting it in operation. He could not, however, recover in such a suit for the consequential damages which might result to his land from the enlarged operation of the canal which might afterward be authorized. He is not bound to sue in anticipation of injuries which may never be suffered, basing his right to recover on a future increased flow of water which may never happen. If damages are afterward occasioned by such in-

creased flow authorized by subsequent events, a cause of action for such damages will arise.

The appellant's special pleas of the Statute of Limitations averred facts showing that the appellee's land sustained a permanent injury at the opening of the canal on January 17, 1900. Instructions were asked stating that if such permanent injury was shown by the evidence there was but one cause of action for such permanent injury and that the plaintiff could not recover. So far as such instructions stated that there was a single cause of action for such permanent injury they were correct, but it is contended by the appellee that an increased flow of water during the five years preceding the commencement of the suit, in excess of that authorized at the time the canal was opened, caused additional damage during those years. The instructions generally ignored this claim of the appellee and were therefore properly refused. While the claim of the appellee was too broad, still, if an increased flow of water during the five years preceding the filing of the amendment over that authorized immediately before that time damaged the land the appellee would be entitled to recover for such additional injury, and this hypothesis could not be ignored. Instructions 29 and 30 were based upon the hypothesis, which has no basis in the evidence, that all of the appellee's land was necessarily and inevitably overflowed by the waters which appellant introduced into the river on January 17, 1900, and its use for farming or agricultural purposes destroyed. Instruction No. 9 should have been given. It was as follows:

"You are instructed that if you find, from a preponderance of all the evidence in the case, that the land described in the plaintiff's declaration was as frequently and continuously overflowed by the water of the Illinois river during the period from January 17, 1900, to five years before the time of bringing the suit in this case as it was during the period for which suit was brought, then the plaintiff has

suffered a permanent injury and cannot recover in this action."

Instruction No. 35 was properly refused because it imposed upon the appellee the burden of proving that his lands were not permanently injured by the flow of water through the canal prior to five years before the filing of his amended declaration.

Instructions were asked and refused which directed a verdict for the defendant based upon the hypothesis that the appellee's land constituted a single tract, operated as one farm, and that a part of such tract was necessarily permanently injured by the construction and operation of the canal on January 17, 1900. It was not error to refuse these instructions. Where a part of a farm has been damaged for public use the damage to the entire tract constitutes a single cause of action, and an instruction would have been right which stated that the appellee could not recover any damages for the injury done by reason of the opening of the canal on January 17, 1900, and its subsequent operation in accordance with the authority then existing. The instructions, however, ignored the claim of the appellee that additional injury was caused subsequently by the increased flow of water.

Instructions were asked stating that due diligence was required of the appellee in endeavoring to plant, mature and harvest crops and in disposing of his dying timber and in the care of his tile, and they were all properly refused because there was no evidence upon which to base them. Nothing was shown which the appellee did or omitted to do which could have affected the damages. If there had been any such thing, the burden was upon the appellant to show it.

Witnesses were permitted to testify to the crops produced before 1900 and those produced in 1907 and subsequent years, and the jury were instructed that the appellee was entitled to recover for damages sustained during

the five years preceding the commencement of the suit by reason of the increased height of the water in those years over the height before 1900, caused by the flow of the water into the river from the canal. This was error. It is undisputed that the conditions under which the land was farmed were different in 1900, and afterward, from what they were before. The damages recoverable, if any, were such as were brought about by the act of the appellant in 1909 and subsequent years, and must be measured by a comparison with the changed conditions existing after 1900 and before 1909 and not with those existing before 1900. Unless the amount of water let into the river from the canal was greater in the five years immediately preceding the filing of the amended declaration than the amount authorized to be let in immediately before that time, there can be no recovery.

Instruction No. 8 given at the request of the plaintiff was as follows:

"You are instructed that an arrangement whereby the use of land is granted to another for cropping purposes during the cropping season, only, and which confers a right to plant, cultivate and harvest a crop during said cropping season, and by which the parties retain joint possession and control of said land during said cropping season, is not a lease but a cropping agreement; and if you find, from a preponderance of the evidence, that such was the arrangement as to certain lands herein and that plaintiff was to receive as compensation for the use of such land during the cropping season a share of the crop raised, then you are instructed that plaintiff and said party so cropping said land were joint owners of the crops upon said lands according to their respective interests as fixed by said agreement."

Where one leases land to another for the purpose of raising a single crop, of which the land owner is to have one part for his rent and the cultivator the remaining part

for his pay, the question whether the relation of landlord and tenant exists or the two are tenants in common depends on the intention of the parties, which is usually to be inferred from the circumstances, of which the possession is, in general, determining. Where it is doubtful whether the possession and control are exclusive in the tenant or joint in the owner and cultivator, and whether the right of entry continues for the year or only until the crop is removed, the inclination is to find in favor of the latter conclusion. (*Alwood* v. *Ruckman,* 21 Ill. 200.) It was not error to give this instruction.

Other instructions are objected to, but as the questions in regard to them will no doubt be avoided on another trial it is not necessary to consider them.

The appellee introduced in evidence, over the appellant's objection, one page of a document entitled "The Illinois River; Physical Relations and the Removal of the Navigation Dams, with Supplement," etc., prepared by the consulting engineer of the appellant by the instruction of its president. This page purported to be a flow record of the main channel of the sanitary district, and was compiled by a civil engineer, who testified that it represented the result of his compilation. The document was printed, paid for and published by the board of trustees of the appellant. It was objected to because the foundation for its introduction as an official document was not laid, but we regard the foundation as sufficient. It is also objected to because contradictory of a stipulation as to the facts which was introduced in evidence, but the contradiction is not apparent and counsel have not indicated where in the abstract it appears.

It is contended that the court erred in allowing attorneys' fees to the appellee. It is insisted that the notice given the appellant was indefinite and insufficient. The only requirements of the statute in regard to the notice are, that it shall state the amount of the damages claimed, the cause of the damages and that the plaintiff intends to

sue for them. The notice served by the appellee complied with these requirements. It was served on June 30, 1911, while suit was not begun until March 12, 1912. The attorneys' fees to be recovered cannot be increased by reason of injuries occurring in the interim. It was decided in *Jones* v. *Sanitary District of Chicago,* 252 Ill. 591, that attorneys' fees may be recovered in a case of this kind.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

CARTWRIGHT and CARTER, JJ., dissenting:

The foregoing opinion correctly states the law governing the application of the Statute of Limitations to the case, as follows: "It is true that all the damages resulting from the construction of the canal and its operation as then authorized must be recovered in one suit, and it was the duty of the appellee to bring that suit within five years of the completion of the work and putting it in operation." (*Vette* v. *Sanitary District,* 260 Ill. 432; *Shaw* v. *Sanitary District,* 267 id. 216; *Suehr* v. *Sanitary District,* 242 id. 496; *Miller* v. *Sanitary District,* 242 id. 321.) When the work was completed and put in operation the law authorized and required a continuous flow of water, based on population, until the full capacity of the channel should be reached,— 600,000 cubic feet of water per minute. For the damage to the market value of the lands of appellee that would be caused by such use of the channel for all time to come he could have recovered in a single action. There was no issue or claim concerning any increased flow of water, except what was due to the natural increase in population, authorized and required by the statute, and therefore the further statement that a cause of action would arise for damages occasioned by an increased flow of water due to subsequent events is not correct. There was no subsequent event in the sense that any injury was done to the lands not authorized by law when the channel was opened for use.