PRESIDING JUSTICE SEIDENFELD
 

 delivered the opinion of the court:
 

 The plaintiffs, Nathan U. Firestone and Mildred Firestone, appeal from a judgment which dismissed their complaint which sought damages because of water overflow from the adjoining property of defendant Frank J. Fritz. They appeal also from a judgment which dismissed their suit against the city of Highland Park and its agents for issuing a building permit for a structure which allegedly contributed to the injury.
 

 I
 

 The complaint against the adjoining property owners alleged, in substance, that Fritz had erected a corregated retaining wall and had filled ground approximately 20 years earlier; that he had filled and raised the Fritz property 14 to 20 inches above its natural level; that this wall altered the flow of surface water from the Fritz to the Firestone property, causing the water to flow with great force through a drainage hole in the northeasterly portion of the boundary line; that Fritz removed the wall in September 1981, but replaced it with a new retaining wall and fence, and further filled the adjoining land, altering the direction of the water flow over the northeasterly comer of plaintiffs’ land; that the acts had prevented natural drainage of surface water and had directed it in undue and unnatural quantities upon plaintiffs’ property, resulting in destruction of the plaintiffs’ garage.
 

 By a motion brought pursuant to section 2 — 619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2 — 619), Fritz alleged that plaintiffs’ legal cause of action was time barred under the relevant statute of limitations (Ill. Rev. Stat. 1981, ch. 110, par. 13— 205), and its equitable action for injunction under the doctrine of laches. The trial court dismissed count I of the complaint, finding that both the five-year statute of limitations and the doctrine of laches barred the suit. Thereafter plaintiffs moved to correct and amend the complaint and requested the court to reconsider its previous order. The amendment as to count I related solely to a scrivener’s error in the date when the new retaining wall was erected. The court noted that it had been advised of the correct date prior to its entry of its dismissal order and that these corrections would not alter its decision. The plaintiffs appeal from the judgment order of December 21, 1982, and from the denial of the subsequent motion on January 6, 1983.
 

 If the owner of dominant property changes the natural course of water within the limits of his own land he must see that the water passes from his land upon the land of his neighbor at the precise place where it would naturally do so. (Templeton v. Huss (1974), 57 Ill. 2d 134, 140.) Interference with natural drainage is limited to that which is incidental to the reasonable development of the dominant estate. (See Templeton v. Huss (1974), 57 Ill. 2d 134, 141. See also Starcevich v. City of Farmington (1982), 110 Ill. App. 3d 1074, 1080.) A plaintiff must bring a cause of action to recover damages for an injury done to real property within five years “after the cause of action accrued.” Ill. Rev. Stat. 1981, ch. 110, par. 13 — 205.
 

 The underlying questions are whether the plaintiffs’ cause of action accrued upon the construction of the retaining wall more than 20 years before this action was brought, whether separate causes of action accrue and start new periods of limitation at each successive injury by overflow, or whether the plaintiffs’ cause of action accrued when the new retaining wall was built. See Annot., 5 A.L.R.2d 302 (1949).
 

 Plaintiffs argue that they are entitled to recover for the damage done to their property by “each rainfall” which has resulted in an unnatural discharge of water onto their property, occurring within the five years prior to the commencement of their action.
 

 Whether, in Illinois, separate causes of action accrue at each successive injury by an unnatural overflow requires a further analysis of the cause of the overflow. When a structure is placed on dominant land which unreasonably increases the flow onto the servient land, a cause of action may accrue upon the completion of the structure if it is a permanent structure which is necessarily injurious by reason of its construction. (Suehr v. Sanitary District (1909), 242 Ill. 496, 499.) If, however, the structure is not apparently injurious, but may be used in a way which may or may not result in injury, the cause of action does not accrue until the use of the structure causes injury. (Jones v. Sanitary District (1911), 252 Ill. 591, 599. See also Aetna Life & Casualty v. Sal E. Lobianco & Son Co. (1976), 43 Ill. App. 3d 765, 770, aff’d sub nom. Western American Insurance Co. v. Sal E. Lobianco & Son Co. (1977), 69 Ill. 2d 126.) The fact that flooding may be uncertain in time, duration and extent does not prevent an improvement, which displays obvious potential to cause an unnatural overflow upon completion, from constituting an immediate, permanent injury. Shaw v. Sanitary District (1915), 267 Ill. 216, 220; Wheeler v. Sanitary District (1915), 270 Ill. 461, 465-66.
 

 As to the construction of the original retaining wall some 20 years prior to suit, the pleadings allege that the wall allowed the flow of water onto their servient estate out of the natural course of drainage by directing the flow with great force “through a drainage hole in the northeasterly portion of the boundary line.” There is thus alleged an obvious cause of the claimed injury, presumably at each rainfall of any substance. We therefore conclude that any injury or damage caused during the period in which the original wall was in place is time barred.
 

 The complaint also alleges that in 1981 the wall was removed by defendants, replaced with a new retaining wall and fence and that the dominant estate was further filled, altering the direction of water flow over the northeasterly corner of the dominant estate onto plaintiffs’ property. The date of the subsequent construction as noted by the trial court was October 3, 1981. It is apparent from the pleadings that the wrong claimed by plaintiffs causing destruction of their garage is the direction of surface waters through both the first and second retaining walls. The cause of action for the alleged wrong began some 20 years before. While a motion to dismiss admits all facts well pleaded, the pleadings are to be construed strictly against the pleader. (Knox College v. Celotex Corp. (1981), 88 Ill. 2d 407, 421.) The trial court, therefore, did not err in dismissing the complaint.
 

 In this view we need not consider defendants’ further defense of laches.
 

 II
 

 Count II of plaintiffs’ complaint alleges that the city of Highland Park and its agent Daniel Westergard were notified that an unlawful condition in connection with the drainage or flowage of water from the dominant parcel onto their land existed; that thereafter the construction of the retaining wall was commenced without any permit being issued by the city; that while construction was in progress the plaintiffs notified Westergard, the city’s employee and agent, of the unauthorized construction; that the city through Westergard issued a building permit for the construction, although he was on notice of various violations of city ordinances relating to the completion of the application, approval, plans and notice. The complaint further alleges that the city and Westergard “intentionally and purposefully discriminated against the Plaintiffs by failing to protect the Plaintiffs from damages as contemplated by said Ordinances.” Violation of the equal protection clause of the fourteenth amendment of the United States Constitution, of the similar provision in the Constitution of the State of Illinois and of section 1983 of chapter 42 of the United States Code are alleged.
 

 The trial court sustained a motion to dismiss count II based upon the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1981, ch. 85, pars. 2 — 205, 2— 206, 2 — 103, 2 — 104) and additionally found that the plaintiffs had not given proper notice as required under the Tort Immunity Act. (Ill. Rev. Stat. 1981, ch. 85, pars. 8 — 101 to 8 — 103.) We agree with the plaintiffs that the gist of count II alleges a violation of constitutional rights by the city and not a tort. The Tort Immunity Act applies only to tort actions (Luker v. Nelson (N.D. Ill.1972), 341 F. Supp. Ill, 117-18; Skrapits v. Skala (N.D. Ill. 1970), 314 F. Supp. 510, 511), and does not bar a civil rights action. (See Hampton v. City of Chicago (7th Cir. 1973), 484 F.2d 602, 607, cert, denied (1974), 415 U.S. 917, 39 L. Ed. 2d 471, 94 S. Ct. 1413.) Further, the Tort Immunity Act does not immunize an employee or a public entity for enforcing or executing a law where the complaint alleges that the defendant acted "wilfully and wantonly. Glover v. City of Chicago (1982), 106 Ill. App. 3d 1066, 1074; Vines v. City of Chicago (1982), 110 Ill. App. 3d 1060, 1061.
 

 The conclusion that count II of plaintiffs’ complaint does not allege a tort, causing the basis of the trial court’s dismissal order to be incorrect does not end our inquiry, since we can affirm on any basis appearing in the record. (Hux v. Raben (1967), 38 Ill. 2d 223, 225.) We conclude that count II which essentially charges the city with failing to comply fully with its building codes, fails to state a cause of action under the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV), under article 1, section 2 of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 2), or under section 1983 of the Civil Rights Act. 42 U.S.C. sec. 1983 (1981).
 

 An alleged deprivation of a State-created right does not constitute a deprivation of a constitutional right within the meaning of section 1983. (Parkway Bank & Trust Co. v. City of Darien (1976), 43 Ill. App. 3d 400, 404; see also McKinney v. George (N.D. Ill. 1983), 556 F. Supp. 645, 651.) We noted in Parkway that a claim that a party’s property has been significantly diminished by governmental conduct “is far short of charging that the governmental action is so onerous as to constitute a taking which constitutionally requires compensation.” Parkway Bank & Trust Co. v. City of Darien (1976), 43 Ill. App. 3d 400, 404.
 

 Count II also fails to state a cause of action for violation of equal protection rights. The complaint does not allege that similarly situated groups of people have been treated unequally. In any event, the equal protection clause is concerned with acts of invidious discrimination, not with mere acts of unequal enforcement, or the erroneous and even arbitrary administration of a regulatory power. (Wundsam v. Gilna (1981), 97 Ill. App. 3d 569, 578.) The court did not err therefore in dismissing count II of the complaint.
 

 The plaintiffs have also charged error in the court’s refusal to permit further amendments of the complaint as proposed in their petition for reconsideration of the rulings on the motions to dismiss. As we have previously indicated, the court took into account the correction sought as to the date of the construction of the new wall and this court will consider the pleadings as so amended. This amendment and any of the proposed alterations of the complaint, however, would not have resulted in stating a proper cause of action. We therefore find no reversible error.
 

 The judgments of the circuit court of Lake County are affirmed.
 

 Affirmed.
 

 UNVERZAGT and HOPF, JJ., concur.