WILLIAM F. KURTZ *et al.*, Plaintiffs-Appellants, v. THE COUNTY OF LOGAN, Defendant-Appellee.

Fourth District   No. 4—86—0508

Opinion filed July 23, 1987.

James E. Elmore, of Nessler, Freese & Elmore, Ltd., of Lincoln, for appellants.

Adrian E. Harless and Timothy M. Shay, both of Heyl, Royster, Voelker & Allen, of Springfield, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

In the circuit court of Logan County plaintiffs, William F. Kurtz, Alice M. Kurtz, Norman C. Anderson and Clara B. Anderson, filed a complaint against defendant, the County of Logan, alleging damage to real property. The trial court granted a motion for summary judgment for the defendant on the grounds that the cause of action was barred by the applicable statute of limitations. (Ill. Rev. Stat. 1981, ch. 110, par. 13—205.) Plaintiffs have appealed and we reverse.

Plaintiffs are the owners of real property located next to a Logan County highway known as Primm Road. Plaintiffs are engaged in farming this property.

On December 28, 1973, defendant offered to purchase 2.21 acres of plaintiffs' property for the purpose of replacing a bridge and repairing and straightening Primm Road. A contract was eventually entered into between plaintiffs and defendant whereby defendant acquired the necessary acreage. Actual bridge and road construction was completed in 1976.

In April of 1977 plaintiffs began to notice that during and after hard rains their farmland adjacent to defendant's recent construction would flood. The flooding prevented the planting of crops on portions of plaintiffs' property. No flooding had occurred prior to defendant's construction work but it has occurred every spring since 1977.

On April 18, 1983, plaintiffs filed suit against defendant alleging damage to their farm property. Defendant filed several motions to dismiss the complaint on statute of limitations grounds and plaintiffs twice amended their complaint.

Defendant finally answered the plaintiffs' second amended complaint and on March 6, 1986, filed a motion for summary judgment alleging that section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—205) barred the cause of action because it was not filed within five years from the date that it accrued. Plaintiffs filed a reply to the motion, arguing that section 13—205 did not act as a bar against an action such as theirs filed more than five years from the time it had first accrued where the injury was continuing and ongoing.

The trial court granted defendant's motion for summary judgment holding that plaintiffs knew or should have known of any injury to their land in April 1977 and thus were barred by section 13—205 from filing their complaint in April of 1983. After plaintiffs' motion to reconsider was denied, they filed a timely notice of appeal.

In applying the discovery rule to the facts of this case, the trial court has misapprehended the time that injury occurred to the plaintiffs. The injury to plaintiffs, while occurring after the construction work of defendant, was not the immediate and direct result of the construction, but was consequential and resulted from recurrent and intermittent overflows of their land.

The difference between the two causes of injury and their effect on the plaintiffs' right to bring suit for their damages is discussed in *Anderson v. Sutter* (1983), 119 Ill. App. 3d 1070, 458 N.E.2d 39. Where the injury was not the necessary, immediate and direct result of the construction undertaken, but results from recurrent and intermittent overflows caused either by negligent use or operation of the structure or by natural phenomena, then the limitations period runs from the last overflow and only damages sustained prior to commencing suit are compensable. (*Jones v. Sanitary District* (1911), 252 Ill. 591, 97 N.E. 210.) On the other hand, where injury occurs as the result of the construction or the proper operation of a permanent structure, then the injury is considered permanent and the limitations period would run from the date of completion of the structure (*Vette*

*v. Sanitary District* (1913), 260 Ill. 432, 103 N.E. 241) or from the time when plaintiffs knew or should have known of their injury and its cause. See *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.

Both *Jones v. Sanitary District* (1911), 252 Ill. 591, 97 N.E. 210, and *Vette v. Sanitary District* (1913), 260 Ill. 432, 103 N.E. 241, dealt with flood damage to farmland downstream from the Chicago sanitary district drainage system. In *Jones* the injury occurred to the farmland on an intermittent basis when the locks were operated improperly or heavy rainfall increased the flow downstream. In *Vette*, the mere creation of the drainage system, properly operated, caused valuable timberland to be inundated. The *Anderson* court noted it is important to closely examine the complaint in a case such as this one because it must be determined whether lands have been continuously flooded and the construction itself caused injury as in *Vette* or whether flooding was intermittent and caused by negligent operation of the structure or acts of nature as in *Jones*. (*Anderson v. Sutter* (1983), 119 Ill. App. 3d 1070, 1076, 458 N.E.2d 39, 44.) A close reading of the complaint in the instant case indicates damages occur to the plaintiffs' land only when a heavy rain falls, especially during the spring of the year. This factual situation is most analogous to that in *Jones*. Therefore, there is at least a factual question as to whether a separate harm is done to the plaintiffs each time it floods and the statute of limitation runs anew for damages caused in each instance of flooding from the time it occurs.

Under the plaintiff's theory the five-year statute of limitations provided in section 13—205 runs individually for each incidence of flooding. As they waited until April 18, 1983, to bring their suit against defendant, even under their theory they are barred from recovering damages for flooding which occurred prior to April 18, 1978. They may, however, seek recovery for damages which occurred after that date. As the plaintiffs' cause of action for all flooding injuries caused by defendant did not necessarily accrue on April 1977, we find that defendants should not have been granted summary judgment.

Reversed and remanded.

GREEN, J., concurs.

JUSTICE LUND, dissenting:

I dissent from the majority opinion and suggest my brethren's misinterpretation of the drainage cases cited in their opinion and in

this dissent.

In applying the discovery rule to the facts of this case, the trial court was aware that the plaintiffs first knew of the injury in 1977. It was apparent, because of no problem with flooding before the bridge construction, that the subsequent recurrent and intermittent overflows were due to the 1976 construction.

Plaintiffs contend that the injury is continuous, resulting from the recurrent and intermittent overflow. They argue *Jones v. Sanitary District* (1911), 252 Ill. 591, 97 N.E. 210, is controlling. The *Jones* decision was based on a pleading issue and stands for the proposition that where the continuance and operation of a permanent structure is not necessarily injurious to land but may or may not be so according to the manner of its operation, taken with the forces of nature, there is a continuing injury. In *Jones*, a statutory provision provided for a constant flow from the drainage canal. Operational procedures which allowed increased flow, with resulting flooding downstream, would be actionable at anytime.

In *Vette v. Sanitary District* (1913), 260 Ill. 432, 103 N.E. 241, an opinion written by the author of *Jones*, the existence of the structure, not the operation, was the cause of the Vette lands having "become *at times overflowed* with the waters from the Illinois River." (Emphasis added.) (260 Ill. 432, 435, 103 N.E. 241, 242.) In *Vette*, the court found that there was a "marked difference between the situation presented in this case and that presented in the *Jones* case." (260 Ill. 432, 437, 103 N.E. 241, 243.) The statute of limitations was declared applicable as a bar to the cause of action. The court stated:

> "[W]here the continuance and operation of a permanent structure are necessarily injurious, then damages for all the injury sustained must be recovered in one suit. In the case at bar the declaration expressly alleged that any additional water caused to flow artificially into the Illinois river would prevent the use of appellee's lands as farm lands and would injure and destroy his crops ***." 260 Ill. 432, 438, 103 N.E. 241, 243.

A retaining wall constructed on the dominant land was alleged to have changed the direction of water flow, with resulting unnatural quantities going across the servient land in *Firestone v. Fritz* (1983), 119 Ill. App. 3d 685, 456 N.E.2d 904. Firestones argued against the statute of limitations contending they were entitled to recovery for damage done by each rainfall. The *Firestone* court, in holding that separate causes could not be brought based on the successive injury, stated:

> "When a structure is placed on dominant land which unreason-

ably increases the flow onto the servient land, a cause of action may accrue upon the completion of the structure if it is a permanent structure which is necessarily injurious by reason of its construction. (*Suehr v. Sanitary District* (1909), 242 Ill. 496, 499.) If, however, the structure is not apparently injurious, but may be used in a way which may or may not result in injury, the cause of action does not accrue until the use of the structure causes injury. (*Jones v. Sanitary District* (1911), 252 Ill. 591, 599. See also *Aetna Life & Casualty v. Sal E. Lobianco & Son Co.* (1976), 43 Ill. App. 3d 765, 770, *aff'd sub nom. Western American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126.) The fact that flooding may be uncertain in time, duration and extent does not prevent an improvement, which displays obvious potential to cause an unnatural overflow upon completion, from constituting an immediate, permanent injury. *Shaw v. Sanitary District* (1915), 267 Ill. 216, 220; *Wheeler v. Sanitary District* (1915), 270 Ill. 461, 465-66." 119 Ill. App. 3d 685, 688, 456 N.E.2d 904, 907.

In the case now before us, the alleged cause of the overflow is the 1976 construction and not abnormal flowage indicated in *Starcevich v. City of Farmington* (1982), 110 Ill. App. 3d 1074, 443 N.E.2d 737. In that it may appear in conflict with this opinion, I would elect to not follow *Starcevich* because of the conflict with the supreme court opinion cited herein. *Anderson v. Sutter* (1983), 119 Ill. App. 3d 1070, 458 N.E.2d 39, also places importance on whether the flooding is effected by the existence of the structure or by the operation of the structure. *Anderson* dealt with the question of proper notice under section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, par. 8—102). The city raised the level of a dam, allegedly injuring dominant land owned by Anderson. The court stated:

"Plaintiffs' complaint does not allege the date on which their lands were first flooded nor the dates of any subsequent flooding. The complaint does not allege whether their lands have been continuously flooded since construction of the dam or whether the flooding is intermittent. It is likewise not entirely clear whether plaintiffs contend that the construction of the dam or the operation of the dam's radial gate is the cause of their injury. This information is necessary to determine whether the period for giving notice under section 8—102 has lapsed." 119 Ill. App. 3d 1070, 1076-77, 458 N.E.2d 39, 44.

As indicated by the previous decisions of the reviewing courts of

this State, there need not be constant flooding to effect a permanent injury. If a permanent structure is constructed in such a way as to cause constant flooding or causes land to be subjected to intermittent overflow, permanent injury takes place. If the structure causes the intermittent overflow not because of its existence but because of its operation, then various overflows are actionable.

The conclusion herein is both logical and practical. Plaintiffs are aware that the road structure is causing annual flooding. If each flooding is a separate actionable injury, litigation would involve the crop production loss from each overflow and require a long history of litigation. The present ruling allows for one cause of action with the measure of damages relating to the diminution in the value of the affected acreage and possibly allowing for the removal of the nuisance.

The theory followed by the majority will allow an action for damages whenever a dominant tract of land suffers flooding caused by a township or county bridge or culvert regardless of when the obstruction was installed, two years ago or 75 years ago. Damages would be limited by the five-year limitation, but, in theory, actions could be commenced after each flooding caused by the offending structure.

The trial court was correct in entering summary judgment based on the limitations issue.