(No. 72319.—

NORMAN MEYERS, Appellant, v. GEORGE KISSNER
*et al.*, d/b/a Kissner and Weaver Farm Implement
Company, *et al.*, Appellees.

*Opinion filed May 21, 1992.—Rehearing
denied June 25, 1992.*

2

Q. Anthony Siemer, of Parker, Siemer, Austin & Resch, of Effingham, for appellant.

Howard & Howard, of Mt. Vernon (G.W. Howard III, of counsel), for appellees George Kissner and Glen Weaver, d/b/a Kissner & Weaver Farm Implement Co.

4

Robert M. Hopkins, Douglas A. Enloe and Edward Benecki, of Gosnell, Benecki, Borden & Enloe, Ltd., of Lawrenceville, for appellee Owen Rainwater.

JUSTICE HEIPLE delivered the opinion of the court:

In this case, plaintiff's farmland was damaged from continuing erosion aggravated by earthen levees constructed and maintained by defendants. In an action seeking both monetary damages and injunctive relief, the trial court granted partial injunctive relief, but concluded that the five-year statute of limitations barred the recovery of monetary damages. The appellate court agreed that the statute of limitations had run and affirmed that portion of the trial court's judgment. However, the appellate court further concluded that the plaintiff was guilty of *laches*, and was thus barred from even the partial injunctive relief granted by the trial court. Both sides appealed. We find that the statute of limitations on monetary damages had not completely run and does not bar the plaintiff's damages claim in its entirety. We further find that the plaintiff is not guilty of *laches* regarding the claim for injunctive relief. Since the appellate court made no findings with regard to plaintiff's claim that the injunctive relief ordered by the trial court was insufficient, we reverse and remand to the appellate court for further proceedings consistent with the views expressed below.

The factual, and procedural situation, as recited by the court below, is as follows. Defendants, George Kissner and Glen Weaver, d/b/a Kissner & Weaver Farm Implement Company, and Owen Rainwater, constructed earthen levees on their property which obstructed the natural flow of water and thereby caused injury to adjacent farmland owned by plaintiff, Norman Meyers. More

than five years after the levees were constructed, plaintiff commenced this action against defendants in the circuit court of Wayne County to obtain both injunctive relief and damages. After finding that plaintiff's damage claim was time-barred under section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—205), the circuit court issued an injunction requiring that a portion of the levees be modified. Plaintiff appealed and defendants cross-appealed. The appellate court reversed and remanded with directions to enter judgment in favor of defendants. (217 Ill. App. 3d 136.) As already noted, we reverse the decision of the appellate court and remand for further proceedings.

The record before us shows that plaintiff and defendants own adjacent parcels of farmland along the Skillet Fork River in Orel Township, Wayne County. The river meanders wildly through the area, making it difficult to present a concise description of the relationship between the various tracts of land involved. For the purpose of this discussion, however, it is sufficient to say that generally speaking, plaintiff's land lies downstream from the parcels owned by defendants. On the other hand, most of defendants' property lies south of the river's bank, while most of the land owned by plaintiff lies to the north. Although the question was disputed, evidence was presented which indicated that the topography is such that water falling upon the area would, if unobstructed, drain naturally in a southerly or southeasterly direction.

In 1977, defendants Kissner and Weaver erected a large earthen levee on their property. The levee began near the middle of their land next to a small body of water known as Horse Creek, extended to an area just short of the confluence of Horse Creek and the Skillet Fork River, then continued along the southern bank of the Skillet Fork River until it reached the eastern boundary of their property. Prior to this time, the Skillet Fork

River was in the process of cutting a new channel in a southerly or southeasterly direction. There is no dispute that the purpose of the levee was to contain the water and to prevent the river from flooding across defendants' ground.

The year after Kissner and Weaver finished their levee, defendant Rainwater began construction to extend the levee along that portion of the southern bank of the river which ran through his property. Construction of the Rainwater section was completed in the middle of 1979. Although the Illinois Department of Transportation, Division of Waterways, did not issue permits for the construction of any part of defendants' levees, the evidence showed that the levees were not subject to the State's permit requirements.

As they were intended to do, the levees obstructed the natural drainage pattern. This, in turn, caused injury to plaintiff's property, which became noticeable almost immediately. Testimony established that after the levees were completed, the river channel became deeper and wider, and the water current became stronger. Increased erosion, washing and scouring of plaintiff's land took place and, as a result, the quality of plaintiff's soil deteriorated and the market value of his property declined. In 1986, plaintiff ultimately decided to bring legal action against defendants to obtain redress for these injuries. Plaintiff's complaint, as amended, was in two counts. Both counts were based on the same factual allegations. They differed only in the type of relief requested. Count I sought a mandatory injunction to require defendants to remove the levee, while count II prayed for money damages.

In their answers to plaintiff's complaint, defendants raised as an affirmative defense that plaintiff's cause of action was untimely under the applicable statute of limitations. They subsequently amended their answers to

raise as an additional affirmative defense that count I of plaintiff's complaint, which sought injunctive relief, was also barred by the doctrine of *laches*. In addition, defendant Rainwater filed a counterclaim for contribution against defendants Kissner and Weaver pursuant to the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1985, ch. 70, pars. 301 through 305).

Defendants each moved for summary judgment as to count II of plaintiff's complaint, which sought money damages. The sole basis for defendants' motions was that plaintiff had not filed suit until more than five years after the earthen levees had been constructed and that the suit was therefore barred by section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—205), the statute of limitations applicable to actions to recover damages for injury to real property. Defendants' motions were granted, and judgment was entered by the court in favor of defendants and against plaintiff on count II. On a motion by Kissner and Weaver, the court also dismissed Rainwater's counterclaim for contribution.

After Kissner, Weaver, and Rainwater unsuccessfully attempted to obtain summary judgment in their favor on count I of plaintiff's complaint, the cause proceeded to trial before the court, sitting without a jury, solely on the question of whether plaintiff was entitled to the injunctive relief he had requested. Following the trial, at which extensive testimony was adduced, the court found that plaintiff had proved the allegations of count I and that defendants' levees, as constructed, improperly obstructed the natural water flow and caused injury to plaintiff's land. The court further found that defendants had failed to establish that plaintiff was guilty of *laches* in asserting his claim. The court determined, however, that additional evidence was necessary in order to assess the extent of injunctive relief which should be granted.

A subsequent hearing was therefore held on this question. Based on the evidence presented at the hearing, the circuit court determined that complete removal of the levees was not required. Instead, it simply ordered certain modifications to that portion of the levee located on Owen Rainwater's property.

Both sides appealed, and the appellate court, with one judge concurring in the result only, and one judge dissenting, reversed and remanded to the trial court, concluding that where an obstruction to the natural flow of water is permanent in nature, all actions for redress for a permanent injury to real property, whether seeking monetary damages or injunctive relief, must be brought within the five-year period specified in section 13—205 (Ill. Rev. Stat. 1985, ch. 110, par. 13—205). (217 Ill. App. 3d 136.) We reverse the appellate court and remand for further proceedings.

In order to clarify the relationship between the statute of limitations and the doctrine of *laches,* we feel compelled to address the availability of monetary damages. Both the trial and appellate courts wrongfully concluded that monetary damages were barred due to section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—205). Plaintiff, both before the appellate court and before this court, failed to raise and argue the availability of monetary damages. Issues not raised and argued before the appellate court are treated as waived. (*Williams v. Consumers Co.* (1933), 352 Ill. 51, 59.) However, in light of today's decision, the interest of justice and the previously unclear nature of the law, it would be unfair to prohibit plaintiff, on remand, from arguing and proving the amount of monetary damages he sustained.

In relevant part, section 13—205 provides that actions to recover damages for an injury to real property must be commenced within five years after the cause of

action accrues. (Ill. Rev. Stat. 1985, ch. 110, par. 13—205.) Nevertheless, when exactly a cause of action accrues for the overflow of water onto land is an issue of much debate and conflicting views. (See 5 A.L.R.2d 302 (1949).) The law in Illinois as commonly cited by the appellate court is as follows. Where the construction of a permanent structure is necessarily injurious to the servient land by unreasonably increasing the flow of water onto the servient land, the cause of action accrues upon completion of the structure. However, if the structure is not apparently injurious, the cause of action accrues only after actual injury is incurred. Additionally, even though actual flooding may be uncertain in time, duration and extent, a structure which displays the obvious potential to cause an unnatural overflow will constitute an immediate permanent injury. Damages incurred as a result of a necessarily injurious permanent structure must be recovered all in one suit. However, where the damage inflicted by the structure is characterized as temporary, successive actions may be maintained. *Gass v. Metro-East Sanitary District* (1989), 186 Ill. App. 3d 1077; *Firestone v. Fritz* (1983), 119 Ill. App. 3d 685.

The law, as described above, developed for the most part from expansions upon decisions by this court occurring around the turn of the century in suits brought against the Sanitary District of Chicago. (See *Shaw v. Sanitary District* (1915), 267 Ill. 216; *Vette v. Sanitary District* (1913), 260 Ill. 432; *Jones v. Sanitary District* (1911), 252 Ill. 591; *Suehr v. Sanitary District* (1909), 242 Ill. 496.) All of these cases involved the construction of a drainage channel by a sanitary district. In the sanitary district cases, a statutory provision provided that the flow of water down the channel was to be constant, and not increased except as the population increased, and in which case the increase would be permanent and the flow still constant. An exhaustive discussion of the

scope and purposes of the formation and authority of sanitary districts in regard to the 1889 act entitled "An act to create sanitary districts and to remove obstructions in the Desplaines and Illinois rivers" can be found in *People ex rel. Longenecker v. Nelson* (1890), 133 Ill. 565. An examination of that act, and its supplements, as conducted by this court in *Jones v. Sanitary District*, 252 Ill. at 598-99, revealed that sanitary districts were invested with extraordinary power to keep the water of the district within the banks of the channel and to prevent flooding of adjacent land. In the instant case, however, the flow of water down the Skillet Fork River is according to nature's whims and is not subject to regulation by statute. The volume of water, its velocity and the amount of flooding, if any, is uncontrolled.

The levees, as constructed by defendants, constitute a nuisance to plaintiff. Both the appellate court and defendants place some reliance upon the fact that at the time the levees were constructed, it was not necessary to first obtain construction permits. Section 29a of the Rivers, Lakes, and Streams Act provides in pertinent part that a levee existing in serviceable condition on July 1, 1985, may be maintained and repaired without a permit. (Ill. Rev. Stat. 1985, ch. 19, par. 78.) Nevertheless, it is by no means true that an act constituting a nuisance must necessarily be in itself unlawful. While a lawful act will not constitute a public nuisance, it can nonetheless constitute a private nuisance. "[W]here one creates a nuisance, and permits it to remain, so long as it remains it is treated as a continuing wrong, and giving rise, over and over again, to causes of action." (*Simon v. Neises* (1964), 193 Kan. 343, 348, 395 P.2d 308, 312.) Since defendants' levees constituted a nuisance to plaintiff by increasing the washing, erosion, and scouring of his land, the mere passage of five years does not change the levees' character. "[T]he maintenance of a structure

which will continue to cause a wrongful diversion of water upon the plaintiff's land, in quantities varying with the seasons, is a continuing nuisance, and an invasion of the plaintiff's right from day to day, and he may select his own time for bringing an action therefor," and he is not barred by the lapse of five years from the erection of the structure. (*Wells v. New Haven & Northampton Co.* (1890), 151 Mass. 46, 49, 23 N.E. 724, 725; see also *Baldwin v. Calkins* (1833), 10 N.Y. (Wend.) 167, 178.) For continuing violations such as the one at hand, the five-year statute of limitations merely specifies the window in time for which monetary damages may be recovered prior to the filing of the complaint. Thus, we hold that this case falls within the ordinary rules applicable to continuing nuisances and continuing trespasses and that plaintiff is not barred from recovering monetary damages for the five-year period preceding the filing of the complaint. (See *Eppling v. Seuntjens* (1962), 254 Iowa 396, 404, 117 N.W.2d 820, 825.) This view, we believe, will prove to be more workable in the context of adjacent landowners than that which was expressed in, and which has for the most part developed upon, the sanitary district cases.

It has long been settled by this court that before a prescriptive right to flood the lands of another can be sustained, it must be proven that: (1) the lands have been flooded for a period of 20 years or more; (2) the flooding was adverse and uninterrupted; and (3) the flooding took place with the knowledge and acquiescence of the land owner. (*Wills v. Babb* (1906), 222 Ill. 95, 106.) The appellate court, by determining that plaintiff was guilty of *laches* since the suit was not brought within the first five years subsequent to the construction of the levee, effectively abolished the 20-year prescriptive easement period and replaced it with a five-year period. 217 Ill. App. 3d at 144-46.

In general, *laches* is such a neglect or omission to assert a right, taken in conjunction with a lapse of time of more or less duration, and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity. (*Curtis v. Curtis* (1947), 398 Ill. 442, 446.) Statutes of limitation, applicable in legal actions, are not directly controlling in suits seeking equitable relief. (*McDiarmid v. McDiarmid* (1938), 368 Ill. 638, 642.) Ordinarily, courts follow statutes of limitation as convenient measures for determining the length of time that ought to operate as a bar to an equitable cause of action. Depending upon the particular circumstances before the court, however, equitable relief may be refused although the time fixed by the statute of limitations has not expired, or conversely, relief may be granted even though the limitation period had long since elapsed. (*Stenwall v. Bergstrom* (1947), 398 Ill. 377, 385-86.) Actions concerning title to real estate, however, will not generally be barred in equity short of the limitation period. *Curtis*, 398 Ill. at 447-48.

While an express statute of limitations addressing the time period necessary to create a prescriptive easement does not exist, it has always been held by this court to take 20 adverse and uninterrupted years for such a right to come into existence. (*Wills v. Babb* (1906), 222 Ill. 95; *Chicago & Northwestern Ry. Co. v. Hoag* (1878), 90 Ill. 339.) Twenty years is the same quantity of time which has been recognized by statute as being applicable to actions for adverse possession of real property. (Ill. Rev. Stat. 1985, ch. 110, par. 13—101.) Thus, we hold that in actions seeking equitable relief from the flooding of one's property, absent extraordinary situations, *laches* will not act as a bar prior to the running of the 20-year time period.

The trial court, in the instant case, expressly found that defendants failed to prove *laches* by a preponder-

ance of the evidence. This determination should not be disturbed unless it was against the manifest weight of the evidence. Contrary to the appellate court's conclusion that the plaintiff was guilty of *laches*, the trial court did not abuse its discretion in making its determination. In fact, defendants failed to show that they were in any way prejudiced by plaintiff's delay in bringing suit. Since plaintiff's suit was filed less than seven years after the construction of the levees and there are no extraordinary circumstances which justify shortening the limitation period below 20 years, plaintiff is entitled to injunctive relief.

In summation, plaintiff is entitled to litigate his claim for damages for such damages as accrued within five years preceding the filing of his law suit. We further determine that plaintiff's claim for injunctive relief is not barred by *laches*. Since the appellate court did not rule on plaintiff's cross-appeal regarding the sufficiency of the injunctive relief ordered by the trial court, we remand to the appellate court for determination of that issue and, thereafter, to the trial court for such further proceedings as may then be pertinent to the claim for injunctive relief and for further proceedings regarding plaintiff's claim for monetary damages.

*Appellate court reversed;*
*cause remanded with*
*directions.*