RODNEY C. ZIMMER *et al.*, Plaintiffs-Appellants, v. THE VILLAGE OF WILLOWBROOK *et al.*, Defendants-Appellees.

Second District No. 2—92—0053

Opinion filed March 12, 1993.

438

John R. Wimmer, of Downers Grove, for appellants.

Gerald M. Gorski and Kenneth R. Menzel, both of Gorski & Good, of Wheaton, Allan C. Alongi, of Hinsdale, Francis J. Leyhane, of Condon, Cook & Roche, and Timothy M. Gallager, both of Chicago, and William E. Jegen, of William E. Jegen, P.C., of Glen Ellyn, for appellees.

JUSTICE QUETSCH delivered the opinion of the court:

Plaintiffs, Rodney and Phyllis Zimmer (the Zimmers) and Thaddeus and Grace Olech (the Olechs), sued defendant the Village of Willowbrook (Willowbrook) for flooding damages allegedly resulting from Willowbrook's installation and enlargement of certain culverts near plaintiffs' property. Plaintiffs also sued defendant Cecil Allen (Allen) for flooding damages allegedly resulting from a pond, culverts and drains which Allen constructed on his property. Plaintiffs further

sought a mandatory injunction requiring Allen to remove the pond, culverts and drains from his land. The trial court granted Willowbrook's motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619), finding that plaintiffs' cause of action was time barred by section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1991, ch. 85, par. 8—101). The trial court granted Allen's motion for summary judgment, finding that plaintiff's legal cause of action against Allen was time barred by section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 13—205), and that *laches* barred plaintiffs' claim for equitable relief. Pursuant to Supreme Court Rule 304(a), the court made an express written finding that there was no just reason to delay enforcement or appeal. (134 Ill. 2d R. 304(a).) Plaintiffs appeal.

The issues raised on plaintiffs' appeal from the trial court's granting of Willowbrook's section 2—619 motion to dismiss are: (1) whether the limitations period set forth under section 8—101 of the Tort Immunity Act or section 13—214(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 13—214(a)) applies in the action against Willowbrook; and (2) when the applicable limitations period begins to run. The issues raised on plaintiffs' appeal from the trial court's granting of Allen's motion for summary judgment are: (1) whether the limitations period set forth under section 13—214(a) or section 13—205 applies in the action against Allen; (2) when the applicable limitations period begins to run; (3) whether *laches* bars plaintiffs' action seeking equitable relief from the flooding of their property; and (4) whether Allen must own property adjacent to the Olechs in order to be held liable to the Olechs for negligent trespass.

I

We first consider plaintiffs' claim against Willowbrook. Plaintiffs filed their first complaint against Willowbrook on August 8, 1989, and their second amended complaint on January 11, 1991. Plaintiffs own properties near Bentley Avenue and 65th Street, and they allege that Willowbrook enlarged one culvert on Bentley Avenue and installed one culvert on 65th Street "to allow storm water from no less than 80 culverts and 35 sump pumps to pass water onto the Zimmer property and the property of the other plaintiffs." Plaintiffs complained that Willowbrook's actions unreasonably altered and increased the volume and rate of the flow of water onto plaintiffs' land. In affidavits filed in response to Willowbrook's section 2—619 motion to dismiss, the Zimmers claimed that their property was flooded in the

spring of 1987, the spring of 1990, and from the beginning of 1991 until the middle of June 1991. The Olechs claimed that their property was flooded in the spring of 1987, 1990, and 1991.

■ In its motion to dismiss, Willowbrook asserted that plaintiffs' action was time barred by section 8—101. Section 8—101 states:

> "No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." Ill. Rev. Stat. 1991, ch. 85, par. 8—101.

■ Willowbrook argued that plaintiffs' cause of action accrued when Willowbrook replaced the culverts in 1981. Willowbrook contended that this case was factually analogous to *Firestone v. Fritz* (1983), 119 Ill. App. 3d 685. In *Firestone*, the defendant Fritz constructed a retaining wall and placed fill on his property. Approximately 20 years later, Fritz replaced the retaining wall with a new wall. The Firestones alleged that the retaining wall and fill caused surface water to drain onto their property in unnatural quantities, destroying their garage. The court held that any cause of action accrued upon the completion of the original retaining wall. The court stated:

> "Whether, in Illinois, separate causes of action accrue at each successive injury by an unnatural overflow requires a further analysis of the cause of the overflow. When a structure is placed on dominant land which unreasonably increases the flow onto the servient land, a cause of action may accrue upon the completion of the structure if it is a permanent structure which is necessarily injurious by reason of its construction. [Citation.] If, however, the structure is not apparently injurious, but may be used in a way which may or may not result in injury, the cause of action does not accrue until the use of the structure causes injury. [Citations.] The fact that flooding may be uncertain in time, duration and extent does not prevent an improvement, which displays obvious potential to cause an unnatural overflow upon completion, from constituting an immediate, permanent injury. [Citations.]" *Firestone*, 119 Ill. App. 3d at 687-88.

The trial court agreed that the principles set forth in *Firestone* governed this case and that plaintiffs' cause of action accrued at the time the replacement culverts were installed in 1981. The court decided that the one-year limitations period of section 8—101 applied. Plaintiffs therefore had until 1982 to bring their cause of action.

Plaintiffs did not file their action against Willowbrook until August 1989. The trial court granted Willowbrook's motion to dismiss.

■ Plaintiffs argue that section 13—214(a) is the applicable statute of limitations. Section 13—214 states in relevant part:

"As used in this Section 'person' means any individual, any business or legal entity, or any body politic.

(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission." (Ill. Rev. Stat. 1991, ch. 110, par. 13—214(a).)

Plaintiffs contend that a question of fact exists as to when they should have reasonably known of Willowbrook's act or omission and therefore the trial court should not have granted Willowbrook's motion for summary judgment.

■ The law in Illinois is well established that where there are two statutory provisions, one general and the other specific, the particular provision prevails. (*Bowes v. City of Chicago* (1954), 3 Ill. 2d 175, 205.) This is especially true where the specific provision was enacted more recently. (*Bowes*, 3 Ill. 2d at 205.) However, in this case, neither statutory provision can be considered "general." This court has stated that section 8—101 is a "special" statute which supersedes any pertinent general limitations period. (*Stanley v. Denning* (1970), 130 Ill. App. 2d 628, 631.) Section 13—214(a) has been classified as a "specific" statute of limitations. *Hernon v. E.W. Corrigan Construction Co.* (1992), 149 Ill. 2d 190, 196.

Therefore, in order to determine which limitations period controls, we must decide which of these two statutory provisions is *more* specifically applicable to this case. Section 8—101 provides a limitations period for civil actions commenced against a local entity. (Ill. Rev. Stat. 1991, ch. 85, par. 8—101.) Section 13—214(a) is a more recent statute of limitations than section 8—101, and it expressly applies to any "body politic" which is sued in an action based on tort for an act or omission in the construction of an improvement to real property. Ill. Rev. Stat. 1991, ch. 110, par. 13—214(a).

The primary rule of statutory construction requires that the intention of the legislature should be ascertained and given effect. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151.) Courts should first look to the language of the stat-

ute as the best indication of the intent of the drafters. (*County of Du Page*, 109 Ill. 2d at 151.) Courts cannot declare that the legislature did not mean what the plain language of the statute imports. *County of Du Page*, 109 Ill. 2d at 151-52.

Our supreme court has held that the language of section 13—214(a) clearly and unambiguously includes bodies politic within the ambit of the statute. (*County of Du Page*, 109 Ill. 2d at 151.) We determine that the legislature intended for section 13—214(a), which was enacted after section 8—101, to constitute a limited exception to section 8—101. Thus, actions against a body politic for an act or omission in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property must be brought within the limitations period set forth under section 13—214(a). Ill. Rev. Stat. 1991, ch. 110, par. 13—214(a).

■ To determine whether section 13—214(a) applies in this case, though, we must decide whether Willowbrook's actions constituted an "improvement" to real property. An improvement is " '[a] valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes.' " (*Cross v. Ainsworth Seed Co.* (1990), 199 Ill. App. 3d 910, 921, quoting *Hilliard v. Lummus Co.* (7th Cir. 1987), 834 F.2d 1352, 1354 n.3.) Relevant criteria for determining what constitutes an improvement include: whether the addition was meant to be permanent or temporary, whether it became an integral component of the overall system, whether the value of the property was increased, and whether the use of the property was enhanced. *St. Louis v. Rockwell Graphic Systems, Inc.* (1992), 153 Ill. 2d 1, 4-5.

Willowbrook argues that it merely replaced previously existing culverts and that the replacement culverts are not an improvement to real property. In support of this argument, Willowbrook cites the affidavit of Thomas Burn, the public services supervisor for Willowbrook. Burn identified three culverts in the vicinity of Bentley Avenue and 65th Street. Burn stated that Willowbrook annexed the territory including the culverts on January 12, 1981, and that the culverts were in place on that date. Burn also stated that the sole actions taken by Willowbrook were to replace the 65th Street culvert in July 1981, and the Bentley Avenue culverts in July 1990, with culverts having the same diameter, alignment and location.

However, plaintiffs submitted affidavits from Thaddeus Olech and Rodney Zimmer, both of whom observed the replacement of the 65th

Street culvert and the northernmost culvert on Bentley Avenue. Both men stated that the replacement culverts appeared to have larger diameters. Plaintiffs also submitted a letter from David P. Van Vooren, Willowbrook's then director of public services, in which Van Vooren stated that the culvert on Bentley Avenue north of 65th Street "has been enlarged to 15 inches to meet Village standards." Plaintiffs also submitted a letter from Van Vooren in which he stated that the 65th Street culvert "could have been brought up to Village Code, 15 inch, but I am unclear on this detail."

■ Whether an item constitutes an improvement to real property is a question of law. The resolution of this question, though, is grounded in fact. (*St. Louis v. Rockwell Graphic Systems, Inc.*, 153 Ill. 2d at 3.) The record here contains no evidence as to what extent, if any, a culvert of larger diameter improves drainage. Furthermore, we are unable to determine from the record whether the replacement culverts enhanced the value, beauty, or utility of real estate or otherwise adapted it for new or further purposes. (See *Cross v. Ainsworth Seed Co.*, 199 Ill. App. 3d at 921; *St. Louis v. Rockwell Graphic Systems, Inc.*, 153 Ill. 2d at 4-5.) Thus, the record provides an insufficient basis for determining as a matter of law whether the culverts constitute an improvement to real property. If, on remand, plaintiffs properly establish the culverts to be an improvement, then section 13–214(a) will apply. If plaintiffs are unable to establish that the culverts are an improvement, then the one-year limitations period of section 8–101 will apply.

We next examine when the applicable limitations period begins to run. Our supreme court has recently clarified when a cause of action accrues for the overflow of water onto land. (*Meyers v. Kissner* (1992), 149 Ill. 2d 1.) In *Meyers*, plaintiff's farmland was damaged from continuing erosion aggravated by earthen levees constructed and maintained by defendants. The defendants argued that plaintiff's damage claim was time barred by section 13–205. (*Meyers*, 149 Ill. 2d at 7.) Neither party argued the applicability of section 13–214(a).

Section 13–205 states in relevant part:

"[A]ctions *** to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." (Ill. Rev. Stat. 1991, ch. 110, par. 13–205.)

Defendants argued that plaintiff's cause of action accrued from the time of completion of construction of the levees.

Our supreme court recognized that appellate courts, such as this one, have generally held that when a structure is placed on dominant land which unreasonably increases the flow onto servient land, the limitations period begins to run upon the completion of the structure if it is a permanent structure which is necessarily injurious by reason of its construction. *Meyers,* 149 Ill. 2d at 9, citing *Gass v. Metro-East Sanitary District* (1989), 186 Ill. App. 3d 1077, and *Firestone,* 119 Ill. App. 3d 685.

The court also recognized that this law developed from cases involving construction of a drainage channel by a sanitary district. (*Meyers,* 149 Ill. 2d at 9.) Those sanitary districts were vested with power to keep the water of the district within the banks of the channel and to prevent flooding of adjacent land. In *Meyers,* though, the flow of water was not subject to such regulation.

The court decided not to analyze whether the levees were a necessarily injurious, permanent structure. Instead it held that the case fell within the law of continuing nuisance and continuing trespass and that the five-year statute of limitations merely specifies the window in time for which damages may be recovered prior to the filing of the complaint. (*Meyers,* 149 Ill. 2d at 11.) Therefore, plaintiff was not barred from recovering damages for the five-year period preceding the filing of the complaint. (*Meyers,* 149 Ill. 2d at 11.) The court felt that such a view was more workable than that which was expressed in and developed from the sanitary district cases. *Meyers,* 149 Ill. 2d at 11.

■ Thus, we need not determine whether Willowbrook's culverts are necessarily injurious permanent structures. Rather, we hold that this case falls within the rules applicable to continuing trespass. If the trial court ultimately rules that the four-year limitations period of section 13—214(a) applies, then plaintiffs would not be barred from recovering damages for the four-year period preceding the filing of the complaint. Plaintiffs filed their first complaint against Willowbrook on August 8, 1989, and their second amended complaint on January 11, 1991. Therefore, plaintiffs could seek to recover damages for the flooding in 1987, 1990, and later.

However, if the trial court ultimately rules that the one-year limitations period of section 8—101 applies, then plaintiffs could only seek recovery for flooding alleged to have occurred in the spring of 1990 and later. Since plaintiffs did not bring their suit within one year of the initial flooding in 1987, they could not seek to recover damages resulting therefrom.

## II

We next consider plaintiffs' claim against Allen. Plaintiffs filed their first complaint against Allen on August 8, 1989, and their second amended complaint on January 11, 1991. Plaintiffs complained that in 1977, Allen constructed a pond on his property and installed culverts and pipes to expel water from the pond. Plaintiffs alleged that this construction drains and diverts a concentrated flow of water onto plaintiffs' land, altering the natural flow and unreasonably increasing the volume and rate of flow of water onto plaintiffs' land. In response to Allen's interrogatories, the Zimmers stated that only one culvert runs from the pond onto their property and that it was installed when the pond was constructed in 1977. For purposes of this summary judgment motion, Allen accepted plaintiffs' contentions concerning when the pond and culvert were installed.

The trial court held that plaintiffs' legal cause of action was barred by section 13—205, which provides that actions to recover damages for an injury done to property must be commenced within five years after the cause of action accrued. (Ill. Rev. Stat. 1991, ch. 110, par. 13—205.) The court ruled that plaintiffs' cause of action accrued in 1977, when Allen built the pond, and that plaintiffs' action should have been brought by 1982. The trial court, therefore, granted Allen's motion for summary judgment.

Plaintiffs argue that the controlling statute of limitations is section 13—214(a), which provides in pertinent part that an action based on tort against a person for an act or omission in the construction of an improvement to real property must be commenced within four years from the time the plaintiff knew or should reasonably have known of such act or omission. (Ill. Rev. Stat. 1991, ch. 110, par. 13—214(a).) Plaintiffs contend that a question of fact exists as to when they should have reasonably known of Allen's act or omission. Allen argues that even under section 13—214(a) plaintiffs' action is time barred because the limitations period began to run when he built his pond in 1977.

■ Section 13—214(a) is a specific statutory provision and, if applicable, takes precedence over the general limitations period of section 13—205. (*Commonwealth Edison Co. v. Walsh Construction Co.* (1988), 177 Ill. App. 3d 373, 379.) To determine whether section 13—214(a) applies in this case, we must decide whether Allen's construction of a pond and culvert constitutes an improvement to real property. Plaintiffs allege that Allen constructed the pond in 1977 and deepened it three years later. The pond was used to hold water. The

construction of this pond and culvert was an amelioration in the condition of the property, amounting to more than mere repairs and replacement. The construction of the pond and culvert certainly cost Allen labor, and it was intended to enhance the land's value, beauty or utility. (See *Cross v. Ainsworth Seed Co.*, 199 Ill. App. 3d at 921; *St. Louis v. Rockwell Graphic Systems, Inc.*, 153 Ill. 2d at 4-5.) We hold that Allen's construction of a pond and culvert constitutes an improvement to real property and that the limitations period of section 13—214(a) applies.

As discussed previously with respect to Willowbrook, *Meyers* holds that actions involving the overflow of water are to be analyzed using the rules of continuing trespass. (*Meyers*, 149 Ill. 2d at 11.) Thus, the four-year limitations period set forth in section 13—214(a) runs from the time each overflow occurs. Plaintiffs are not barred from recovering damages for the four-year period preceding the filing of the complaint. Since plaintiffs filed their first complaint on August 8, 1989, and their second amended complaint on January 11, 1991, they can seek to recover damages for the flooding in 1987, 1990, and later.

■ We next consider plaintiff's argument that the trial court erred by granting summary judgment against their request for a mandatory injunction against Allen. The trial court ruled that *laches* barred plaintiffs' claim for equitable relief. In *Meyers*, though, our supreme court held that in actions seeking equitable relief from the flooding of one's property, absent extraordinary situations, *laches* will not act as a bar prior to the running of the 20 years it takes to create a prescriptive right to flood the land of another. (*Meyers*, 149 Ill. 2d at 12.) In this case, plaintiffs' suit was filed 12 years after Allen constructed his pond and two years after the flooding initially occurred. Thus, plaintiffs filed their suit within the 20-year time period. Whether any "extraordinary situations" exist that would allow Allen to assert the defense of *laches* prior to the running of the 20-year time period is a question of material fact. Therefore, the trial court erred by granting summary judgment against plaintiffs' request for a mandatory injunction against Allen.

■ Finally, we reject Allen's contention that summary judgment was properly granted against the Olechs because their property is not adjacent to Allen's land. One can be liable under trespass for causing a thing to enter the land of another through a negligent act. (*Dial v. City of O'Fallon* (1980), 81 Ill. 2d 548, 556.) Allen has not cited any authority to support his argument that he must own property adja-

cent to the Olechs in order to be held liable under negligent trespass of waters.

Furthermore, since Allen was the party moving for summary judgment, he had the burden of establishing that there were no issues of material fact and that he was entitled to judgment as a matter of law. (*Becovic v. Harris Trust & Savings Bank* (1984), 128 Ill. App. 3d 107, 119.) However, questions of material fact exist as to whether Allen drains and diverts a concentrated flow of water onto the Olechs' land, altering the natural flow, and unreasonably increasing the volume and rate of flow of water onto the Olechs' property. Therefore, summary judgment against the Olechs is not appropriate merely because their property is not adjacent to Allen's land.

Accordingly, the orders, of dismissal and summary judgment, of the circuit court of Du Page County are reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

WOODWARD and GEIGER, JJ., concur.