620 N.E.2d 463 (1993)
250 Ill. App.3d 870
189 Ill.Dec. 495
ESTATE OF Ken HERINGTON, Monte Winkler, Jerry Tomlinson, Scott Ireland and Mark Jay for the Use and Benefit of United States Fidelity and Guaranty Company, Plaintiffs-Appellants,
v.
The COUNTY OF WOODFORD, Defendant-Appellee.
No. 4-93-0190.
Appellate Court of Illinois, Fourth District.
Argued August 18, 1993.
Decided September 9, 1993.
Rehearing Denied October 19, 1993.
*464 Joseph J. Bembenek (argued), Quinn, Johnston, Henderson & Pretorius, Peoria, for plaintiffs-appellants.
William A. Allison, Allison & Kelly, Bloomington, for defendant-appellee.
Justice McCULLOUGH delivered the opinion of the court:
Plaintiffs filed suit for the use and benefit of United States Fidelity and Guaranty Company (USF & G) to recover sums paid by it under the Illinois Workers' Compensation Act (Act) (Ill.Rev.Stat. 1991, ch. 48, par. 138.1 et seq.) for death benefits and funeral expenses. The circuit court granted defendant's motion to dismiss (Ill.Rev.Stat. 1991, ch. 110, par. 2-619) finding plaintiffs' suit was time-barred by the one-year statute of limitations found in section 8-101 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill.Rev.Stat. 1991, ch. 85, par. 8-101). We affirm. On June 20, 1990, a road and bridge located in Woodford County collapsed and disintegrated. At the time of this collapse, plaintiffs Monte Winkler, Jerry Tomlinson, Scott Ireland, Mark Jay and Ken Herington were in a moving vehicle, crossing the bridge. All plaintiffs were employees of the Washburn Fire District and were acting within the course and scope of their employment at the time of the accident. All plaintiffs suffered serious injuries from this accident and Ken Herington died as a result of this accident.
On June 19, 1992, plaintiffs filed a complaint against the County of Woodford for the use and benefit of USF & G to recover sums paid pursuant to the Act. Plaintiffs' complaint alleged defendant:
"(a) Carelessly, improperly and negligently failed to inspect said road and bridge for dangerous conditions;
(b) Carelessly, improperly and negligently failed to maintain said road and bridge;
(c) Carelessly, improperly and negligently failed to repair said road and bridge;
(d) Carelessly, improperly and negligently failed to act upon actual and constructive *465 notice that said road and bridge was dangerous and unsafe."
On December 2, 1992, defendant filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (Ill. Rev.Stat. 1991, ch. 110, par. 2-619), alleging plaintiffs' complaint was barred by the one-year statute of limitations found in section 8-101 of the Tort Immunity Act. Plaintiffs' response to the motion to dismiss alleged the complaint was not barred because the four-year statute of limitations found in section 13-214(a) of the Code (Ill. Rev.Stat. 1991, ch. 110, par. 13-214(a)) applied. Plaintiffs further alleged section 13-214(a) of the Code was a specific statute which prevailed over the general one-year statute of limitations found in section 8-101 of the Tort Immunity Act.
On January 29, 1993, the circuit court granted defendant's motion to dismiss by docket entry "for failure to comply with Immunity Statute of Limitations." Plaintiffs timely filed a notice of appeal.
Plaintiffs contend the resolution of this appeal essentially comes down to which statute of limitations applies to the complaint. If the one-year provision found in section 8-101 of the Tort Immunity Act applies, plaintiffs' complaint is barred. On the other hand, if the four-year statute of limitations of section 13-214(a) of the Code applies, plaintiffs' complaint is not time-barred.
Section 8-101 of the Tort Immunity Act provides:
"No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term `civil action' includes any action, whether based upon the common law or statutes or Constitution of this State." Ill.Rev.Stat. 1991, ch. 85, par. 8-101.
Section 13-214(a) of the Code states:
"Construction-Design management and supervision. As used in this Section `person' means any individual, any business or legal entity, or any body politic.
(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission." Ill.Rev.Stat. 1991, ch. 110, par. 13-214(a).
A complaint should not be dismissed, pursuant to section 2-619 of the Code, unless it clearly appears no set of facts can be proved which would entitle the plaintiff to recover. (Ogle v. Fuiten (1984), 102 Ill.2d 356, 360-61, 80 Ill.Dec. 772, 774, 466 N.E.2d 224, 226.) In assessing a section 2-619 motion to dismiss, the trial court must take all facts properly pleaded as true. (Wheeler v. Caterpillar Tractor Co. (1985), 108 Ill.2d 502, 505, 92 Ill.Dec. 561, 563, 485 N.E.2d 372, 374.) On review, the appellate court is concerned only with questions of law presented by the pleadings. Ronning Engineering Co. v. Adams Pride Alfalfa Corp. (1989), 181 Ill.App.3d 753, 758, 130 Ill.Dec. 703, 706, 537 N.E.2d 1032, 1035.
Plaintiffs assert that the case of Zimmer v. Village of Willowbrook (1993), 242 Ill. App.3d 437, 182 Ill.Dec. 840, 610 N.E.2d 709, is dispositive of the issue presented here. In Zimmer, plaintiffs sued the Village of Willowbrook for flooding damage allegedly resulting from Willowbrook's installation and enlargement of certain culverts near plaintiffs' property. The trial court granted Willowbrook's motion to dismiss pursuant to section 2-619 of the Code, finding that plaintiffs' cause of action was time-barred by section 8-101 of the Tort Immunity Act. An issue presented by the appeal was "whether the limitations period set forth under section 8-101 of the Tort Immunity Act or section 13-214(a) of the Code of Civil Procedure (Ill.Rev.Stat. 1991, ch. 110, par. 13-214(a)) applies in the action against Willowbrook." Zimmer, 242 Ill. *466 App.3d at 440, 182 Ill.Dec. at 842, 610 N.E.2d at 711.
In Zimmer, plaintiffs filed their first complaint against Willowbrook on August 8, 1989, and their second-amended complaint on January 11, 1991. The Zimmers alleged their property was flooded in the spring of 1987, spring of 1990, and the beginning of 1991 through the middle of June 1991. The Olechs, other plaintiffs in the case, claimed their property was flooded in the springs of 1987, 1990 and 1991. Willowbrook contended plaintiffs' cause of action arose in 1981 when the culverts were replaced. The trial court agreed, deciding the one-year statute of limitations of section 8-101 of the Tort Immunity Act applied. Plaintiffs therefore had until the spring of 1982 to bring their cause of action. Plaintiffs contended section 13-214(a) of the Code was the applicable statute of limitations. Zimmer, 242 Ill.App.3d at 441-42, 182 Ill.Dec. at 843, 610 N.E.2d at 712.
The court first noted that well-established Illinois law holds that where there are two statutory provisions, one general and one specific, the particular provision prevails and this is especially true where the specific provision was enacted more recently. However, neither section 8-101 of the Tort Immunity Act nor section 13-214(a) of the Code could be considered a "general" statute. Section 8-101 of the Tort Immunity Act has been called a "special" statute which supersedes any pertinent general limitations period (Stanley v. Denning (1970), 130 Ill.App.2d 628, 631, 264 N.E.2d 521, 524), and section 13-214(a) of the Code has been characterized as a "specific" statute of limitations (Hernon v. E.W. Corrigan Construction Co. (1992), 149 Ill.2d 190, 196, 172 Ill.Dec. 200, 202, 595 N.E.2d 561, 563). Zimmer, 242 Ill. App.3d at 442, 182 Ill.Dec. at 844, 610 N.E.2d at 713.
The court then stated:
"Therefore, in order to determine which limitations period controls, we must decide which of these two statutory provisions is more specifically applicable to this case. Section 8-101 provides a limitations period for civil actions commenced against a local entity. (Ill.Rev. Stat. 1991, ch. 85, par. 8-101.) Section 13-214(a) is a more recent statute of limitations than section 8-101, and it expressly applies to any `body politic' which is sued in an action based on tort for an act or omission in the construction of an improvement to real property. Ill.Rev. Stat. 1991, ch. 110, par. 13-214(a)." (Zimmer, 242 Ill.App.3d at 442, 182 Ill.Dec. at 844, 610 N.E.2d at 713.)
The court concluded:
"Our supreme court has held that the language of section 13-214(a) clearly and unambiguously includes bodies politic within the ambit of the statute. (County of Du Page, 109 Ill.2d [143] at 151 [92 Ill.Dec. 833, 485 N.E.2d 1076].) We determine that the legislature intended for section 13-214(a), which was enacted after section 8-101, to constitute a limited exception to section 8-101. Thus, actions against a body politic for an act or omission in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property must be brought within the limitations period set forth under section 13-214(a). Ill.Rev.Stat. 1991, ch. 110, par. 13-214(a)." Zimmer, 242 Ill.App.3d at 443, 182 Ill.Dec. at 844, 610 N.E.2d at 713.
In Zimmer, the court went on to address the issue of whether Willowbrook's installation of the culverts constituted an "improvement" to real property. The court concluded the record on appeal provided an insufficient basis to determine, as a matter of law, whether the culverts constituted an improvement to real property so as to bring the case within section 13-214(a) of the Code. The cause was remanded to make that determination. If plaintiffs established the culverts were an improvement to real property, section 13-214(a) of the Code would apply; if not, section 8-101 of the Tort Immunity Act would apply. Zimmer, 242 Ill.App.3d at 444, 182 Ill.Dec. at 845, 610 N.E.2d at 714.
*467 We need not decide which statute of limitations prevails here because we conclude plaintiffs' complaint does not fall under the purview of section 13-214(a) of the Code. Plaintiffs alleged in their complaint that the location of the occurrence in question, specifically the road and bridge, involved the design, management, and supervision of construction of an improvement to real property. However, plaintiffs failed to allege any facts which would bring their complaint within the purview of section 13-214(a) of the Code. In Zimmer, the plaintiffs alleged the Village of Willowbrook installed and enlarged certain culverts which caused flooding on their property. Conflicting affidavits as to whether the newly installed culverts were larger in diameter thereby causing the flooding and the lack of evidence as to whether the culverts constituted an improvement to real property made it necessary to remand the case.
Here plaintiffs only alleged that they were driving across the bridge when it collapsed. They did not allege, for example, that there was construction work being performed on the bridge which weakened its structure. Moreover, they failed to file any affidavits to establish that there was construction of an improvement to real property. The mere fact that the bridge itself is an improvement to real property is insufficient to bring plaintiffs' complaint under section 13-214(a) of the Code.
Whether an item constitutes an improvement to real property is a question of law. The resolution of this question, though, is grounded in fact. (St. Louis v. Rockwell Graphic Systems, Inc. (1992), 153 Ill.2d 1, 3, 178 Ill.Dec. 761, 762, 605 N.E.2d 555, 556.) Because plaintiffs failed to allege sufficient facts to establish there was an act or omission in the design, planning, supervision, observation or management of construction or construction of an improvement to real property, section 13-214(a) of the Code is not applicable.
Accordingly, the statute of limitations found in section 8-101 of the Tort Immunity Act governs the time restraints relating to plaintiffs' complaint. Plaintiffs had one year from the date the injury was received or the cause of action accrued to file their complaint. Plaintiffs' complaint was filed two years after the accident and thus time-barred. Therefore, the circuit court properly granted defendant's motion to dismiss.
Affirmed.
STEIGMANN, P.J., and KNECHT, J., concur.