HUBERT A. POWELL *et al.*, Plaintiffs-Appellants, v. THE CITY OF DAN-VILLE *et al.*, Defendants-Appellees.

Fourth District   No. 4—93—0225

Argued October 13, 1993.—Opinion filed November 30, 1993.

Kennith W. Blan, Jr. (argued), of Blan Law Offices, of Danville, and Paul T. Manion (argued), of Manion, Janov & Degens, Ltd., of Hoopeston, for appellants.

Karen L. Kendall and Bradley S. McMillan (argued), both of Heyl, Royster, Voelker & Allen, of Peoria, and James C. Kearns and Bradford J. Peterson, both of Heyl, Royster, Voelker & Allen, of Urbana, for appellees.

JUSTICE LUND delivered the opinion of the court:

Plaintiffs brought this action against the City of Danville (Danville), a municipal corporation, and H/L Disposal, Inc. (H/L), alleging trespass, nuisance, and negligence, resulting in continuing damage to plaintiffs' real estate. The circuit court of Vermilion County granted H/L's motion for summary judgment, finding the action against H/L was barred by the five-year statute of limitations under section 13—205 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 13—205). Plaintiffs appeal from that judgment. Because of the narrow question now before us, we need not discuss the extensive Illinois Environmental Protection Agency (IEPA) activity relating to this dump site.

For purposes of this opinion, we accept the following characterization of the facts in this case, as asserted by plaintiffs. H/L operated a city-owned landfill from 1971 to 1974. During this period, toxic waste was deposited in the landfill and this toxic waste leached into the ground owned by plaintiffs adjoining the landfill. Although no contaminants are currently leaking from the landfill, the IEPA continues to monitor the site. H/L has not deposited any waste in the landfill since returning it to Danville's control in 1974. Plaintiffs, while acknowledging that H/L has not actively operated the site since 1974, contend the dumping of toxic waste created an ongoing and continuous injury to their property.

The issue now before our court is whether the five-year statute of limitations provided by section 13—205 of the Code can be avoided, based upon evidence of a continuing tort.

Plaintiffs contend they may bring an action for damages taking place during the five-year period immediately prior to filing their complaint. In other words, plaintiffs state the five-year limitation merely establishes a window in time for which monetary damages may be

awarded. However, as established by the evidence and admitted during oral argument, plaintiffs were aware of the toxic waste dumping and resulting leaching for more than five years prior to the June 5, 1991, filing of this action.

■ We have a conflict between cases where the wrongful act—the tortious act—results in immediate damage, and those cases where the wrongful act results in continuing damages which may not be revealed for years to come. Limitation provisions generally require the cause of action to be commenced within a certain number of years from the time the cause of action accrues. That cause is usually a known wrongful act, and the resulting damages are immediately apparent. In the present case, the wrongful act consisted of dumping toxic waste, but the resulting damages did not become apparent for many years afterward. In such a case, allowing an action to be filed within five years after discovery will eliminate the injustice that would necessarily arise if the limitations period commenced from the date of the tortious act.

■ There are situations where the tortious conduct is continuing, and the limitations period begins on the date of the last injury (the date the tortious acts cease). (*Anderson v. Sutter* (1983), 119 Ill. App. 3d 1070, 458 N.E.2d 39; *Leckrone v. City of Salem* (1987), 152 Ill. App. 3d 126, 503 N.E.2d 1093.) *Leckrone* provided a classic example of continuing tort. The defendant city allegedly *continued* to dump sewage into a stream, polluting it. Here, in contrast, we had a final tortious act when the last toxic dumping took place prior to H/L's 1974 termination. While the effects may be continuing because of the leaching, the tortious act ceased prior to 1975.

*Meyers v. Kissner* (1992), 149 Ill. 2d 1, 594 N.E.2d 336, is an example of a party continuing to maintain a nuisance—a levy that changed the natural flow of water, which periodically resulted in damage to the land of another. Because the tortious act (wrongfully maintaining the levy) was continuing, the supreme court held that the statute of limitations merely specified the window in time for which monetary damages may be recovered. Unlike the defendant in *Meyers*, H/L did not maintain a structure which created a nuisance. The offending property (dump site) was no longer under the control of H/L—Danville was in control. To equate the facts in this case with those involved in the *Meyers* decision would confuse the concept of continuing tort with that of continuing injury. This statement is made with the full realization that environmental protection laws could and may have placed other economic burdens upon both H/L and Danville.

Our decision is limited to the facts in this case. We need not rule as to the correctness of the trial court's conclusion that the five-year limitations period expired five years after the final wrongful dumping by H/L. We agree with that court's alternative ruling that the limitations period expired five years after the effects of the tortious act of dumping were either known, or should have been known, by plaintiffs. Plaintiffs' theory of continuing tort conflicts with policy expressed by the limitations provisions—that liability for past actions must end at some time.

This case is not the same as either *Leckrone* or *Meyers*, where the City of Salem could have terminated the tortious conduct, sewage dumping (*Leckrone*), or Kissner could have removed the levy (*Meyers*). We emphasize the importance of plaintiffs' knowledge of the wrongdoing.

We recognize the injuries which can be wrought by environmental violations. With our holding today, conditioning our decision on discovery, we believe sufficient protection is afforded the unwary parties who might be injured by such environmental violations as evidently existed here.

Affirmed.

STEIGMANN, P.J., and KNECHT, J., concur.